EZRA BABBITT

*v.*

RHODA BABBITT.

1. MARRIED WOMEN—*jurisdiction of action by, for maintenance.* It is indispensable, to give the circuit court jurisdiction of a bill of a married woman against her husband for a reasonable support and maintenance while living separate, under the act of 1867, that one of the parties shall reside in the county in which the suit is brought.

2. SAME—*separation must be without wife's fault.* The husband has the right to select his domicil, and to change his residence, and it is the duty

of his wife to accompany him, and if she refuses to go with him, he will not be bound to afford her a support and maintenance while she thus remains away from him without fault on his part.

Appeal from the Circuit Court of Livingston county; the Hon. Charles H. Wood, Judge, presiding.

Mr. L. E. Payson, for the appellant.

Messrs. Ament & Fletcher, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was an application to the circuit court of Livingston county, by Rhoda Babbitt, against her husband, Ezra M. Babbitt, for separate maintenance, under the act of March 5, 1867. The court decreed as prayed, and the defendant appeals.

The first section of the act of 1867 provides, that married women who, without their fault, now live, or hereafter may live separate and apart from their husbands, may have their remedy in equity, in their own names, respectively, against their husbands, for a reasonable support and maintenance while they so live, or have so lived separate and apart, etc.

Section 2 provides, that proceedings, under this act, may be instituted in the county where either the husband or wife resides, and the wife shall not be required to give security for costs. Sess. Laws 1867, p. 132.

This bill was filed May 31, 1871.

It is an indispensable requirement of the statute, that one of the parties shall reside in the county in which the proceedings are had. Without this the circuit court could not have jurisdiction. On this point the facts are, that appellant closed his business in Livingston county in December, 1868, and removed to the State of Michigan. Appellee was requested to accompany him, which she refused.

It appears she had been previously married, and had children grown up and married. She had a daughter, Mrs.

Stroman, with whom she removed to Kansas, in December, 1869, and there remained until October, 1871. These facts show a want of jurisdiction in the circuit court.

The proofs in the cause sufficiently show that appellant had good reasons for his removal to Michigan, for there his children, by a former marriage, resided, and who could extend toward him, in his declining years, their filial care. It was appellant's clear right to make Michigan his residence, and it certainly was the duty of his wife to accompany him there, which she was strongly invited to do. We understand the domicil of the husband is the domicil of the wife, and it is there she can claim and receive the protection and maintenance of her husband. He was not required to ask her consent to remove to Michigan. In this respect he was the master of his own actions, and it was her duty as a faithful and obedient wife to accompany him there. It is her fault she is not with him to be maintained by him, to aid him in his decrepitude, relieve his sorrows and minister to his afflictions. It may emphatically be said of her, she is living separate and apart from her husband by her own fault, and in total disregard of that vow she made when wedded. She has no claim to the equitable interference of the court. The statute was not made for cases like this.

The decree of the circuit court is reversed, and the bill dismissed.

*Decree reversed.*