## MARY P. WILSON

### v.

## WALLACE W. BISHOP.

1. HUSBAND AND WIFE—LIABILITY FOR SUPPORT OF WIFE WHEN LIVING APART FROM HIM.—A husband is not liable. even for necessaries furnished his wife while residing apart from him, without his consent, and without good cause, yet, if the separation is caused by improper treatment on his part, such as would justify her in leaving him, he is liable for her necessary support, and to that extent she may avail herself of her common law remedy of obtaining support on his credit.

2. SUIT FOR SUPPORT FURNISHED THE WIFE—EVIDENCE OF CRUEL TREATMENT.—In an action against the husband, by one who has furnished necessary support to his wife while living apart from him, it is competent for the plaintiff in support of her claim, to show by proper evidence, the manner in which the defendant had treated his wife prior to the separation, leaving it for the jury to say whether his conduct was such as to justify the wife in refusing to live with him.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed April 10, 1882.

Mr. C. L. BLANCHARD, for appellant; that where a 'father, living separate from his wife, permits his minor child to remain with its mother, he is liable for its necessaries, cited McMillen v. Lee, 78 Ill. 443; Ross v. Ross, 69 Ill. 569; Dow v. Eyster, 79 Ill. 254; Bevier v. Galloway, 71 Ill. 517.

If a wife is compelled to leave her husband by reason of his ill-treatment of her, he will be liable for her necessaries: Bevier v. Galloway, 71 Ill. 517; Thorpe v. Sharpleigh, 67 Me. 235; Ross v. Ross, 69 Ill. 569; Black v. Bryan, 18 Tex. 453; Biddle v. Frazier, 3 Del. 258.

BAILEY, J. This was an action of assumpsit, brought by Mary P. Wilson, against Wallace W. Bishop, to recover for an alleged indebtedness from the defendant to the plaintiff for board, lodging, clothing and other necessaries furnished by the plaintiff to the wife and infant child of the defendant. The

plaintiff is the mother of the defendant's wife, and it appears that for a considerable time prior to June 19, 1879, the defendant lived in the plaintiff's house, under some arrangement by which he rented the house of the plaintiff, lived in it with his family, consisting of his wife and child, and boarded the plaintiff. On the day above named, the defendant left his family and went elsewhere to live, they remaining with the plaintiff. There is evidence tending to show that at the time he left he requested his wife to go with him, telling her that he would live no longer in the same house with the plaintiff, but would rent another house, and that his wife declined to go with him, saying that she preferred to remain where she then was. There is evidence also tending to show that on several subsequent occasions, the plaintiff offered to provide a home for his wife and child elsewhere, but that his wife declined to go with him.

The defendant, after he left, failed and refused to contribute in any way to the support of his wife, and contributed only a small amount in money and clothing toward the support of his child. During all this time, his wife was in feeble health, requiring medicines and medical attendance to a very considerable extent; and the evidence shows that the plaintiff furnished her board, lodging, clothing, medicines, medical attendance, and other necessaries, and also furnished board, clothing, etc., with the exception of the amounts so contributed by the defendant, to the defendant's child.

On the trial, on the examination of one of the plaintiff's witnesses, the plaintiff's counsel asked the witness to state the defendant's conduct toward his wife for a year previous to the separation. To this question an objection was sustained by the court. The defendant's counsel then offered to prove, that, during the time the defendant lived with his wife in the plaintiff's house, he used toward her such abusive cruelty and ill-treatment, that she was informed by her attending physician that it was not safe for her to continue to live with him; and also to prove specific acts of cruelty and abuse. This offer was also refused, and the evidence offered excluded by the court, and to said several decisions the plaintiff duly excepted.

The verdict of the jury and the judgment of the court were for the defendant, and the plaintiff brings the record to this court by appeal, and assigns for error, among other things, the exclusion of said evidence.

We think it clear that the evidence offered should have been admitted. While it is true that a husband is not responsible, even for necessaries furnished his wife while residing apart from him without his consent, and without good cause, still, if the separation is caused by improper treatment on his part, such as would justify her in leaving his bed and board, he is liable for her necessary support, and to that extent she may avail herself of her common law remedy, of obtaining such support on his credit. Ross v. Ross, 69 Ill. 569; Schnuckle v. Bierman, 89 Id. 454; Bevier v. Galloway, 71 Id. 517; Rea v. Durkee, 25 Id. 503; Love v. Moynehan, 16 Id. 277. The sufficiency of the grounds for a separation, is a question of fact for the jury. Rea v. Durkee, *supra*.

It follows that the treatment which the defendant's wife had received at his hands prior to the separation, was a matter which the plaintiff was clearly entitled to show in support of her claim. The court should have received the evidence, and then left it to the jury to say, under proper instructions, whether the defendant's conduct was such as justified his wife in declining to leave her mother's house, and go with him to another home.

In the instructions given at the instance of both the plaintiff and defendant, the court submitted to the jury in various forms, the sufficiency of the grounds upon which the defendant's wife refused to go with him to another place of abode. These instructions, though not, so far as we can see, materially objectionable in themselves, are wholly inconsistent with the principles upon which the court excluded the evidence offered, and that evidence being excluded, there remained no evidence upon this particular question to which they could apply.

For the error in excluding said evidence, the judgment will be reversed, and the cause remanded for a new trial.

Judgment reversed.