JOHN LUTES, AS OVERSEER OF THE POOR OF THE CITY OF ROCHESTER, RESPONDENT, *v.* WILLIAM B. SHELLEY AND GEORGE W. SHELLEY, APPELLANTS.

*Conviction of a husband for abandoning his wife — right of the husband to select a home — form of the undertaking to be given on a conviction — Code of Criminal Procedure, sec. 901 — by whom an action may be brought.*

This action was brought upon an undertaking given by the defendant, as required by section 901 of the Code of Criminal Procedure, upon his conviction as a disorderly person; by which undertaking he agreed to indemnify the city of Rochester against his wife's becoming within one year chargeable upon the public. On June 28, 1884, the defendant Shelley was convicted as a disorderly person on the charge of abandoning his wife. The defendant, although not cohabiting with his wife, had, up to that time, furnished her with means for her support. She occupied rooms in the city of Rochester, and on the day of the conviction and the following day the defendant called at the rooms to see her and was refused admittance. On the evening of the latter day he wrote a letter to her in which he said that he had provided a place for her support and maintenance, with necessary medical attendance, in the family of one Aldrich, at Kenyon-

ville, Orleans county, and offered to go with her whenever she was ready; he stated that he was not able to support her in any other place, and that he trusted it would not be long before he could do better.

This invitation the wife refused to accept on the ground that she was in poor health and had lived in the city for many years; that she had no relatives or acquaintances at Kenyonville and that no physician resided there. It appeared that the Aldrich House, though not large, was comfortable and respectable, and the physical comforts of the wife could be there fairly provided for.

*Held,* that the evidence did not warrant the conviction of the defendant; that the husband has a right to select a home for his wife, and his judgment, when fairly exercised, must govern in so far as to relieve him from the charge of being a disorderly person.

The undertaking required in such cases may properly be made in the name of the people for the benefit of the municipality concerned, and may be prosecuted for a breach in the name of the officer authorized by the statute to take the place of the plaintiff in the action brought for that purpose.

APPEAL from a judgment of the Monroe County Court, affirming a judgment of the Municipal Court of the city of Rochester against the defendants.

The action was brought upon an undertaking made on conviction of the defendant William B. Shelley, as a disorderly person, for abandoning his wife and neglecting to provide for her according to his means. The plaintiff recovered in the Municipal Court $500. The County Court affirmed the recovery.

*Wm. Butler Crittenden,* for the appellants.

*John N. Beckley* and *G. F. Slocum,* for the respondent.

BRADLEY, J. :

The contention of the defendants' counsel that the undertaking is not in the form required by statute and therefore void; that the Municipal Court had no jurisdiction to entertain the action and render the judgment, and that the action upon the undertaking could properly be brought in the name of the people only, and by the district attorney is not supported. The character of the undertaking is provided for, but its form, except as to the terms of the obligation to be assumed by it, is not prescribed by the statute. (Code Crim. Pro., § 901.) It was properly made in the name of the people for the benefit of the municipality concerned, and prosecution

upon it for breach could be had in the name of the officer authorized by the statute to take the place of plaintiff in the action for that purpose. The prosecution in such case may be had in the names of overseers of the poor of towns. (Id., § 905.) The same powers are devolved upon the overseer of the poor of the city of Rochester for that municipality. (Laws of 1880, chap. 14, § 79.)

The action was, therefore, properly brought in the name of the officer. And the provision of the Code of Civil Procedure (§ 1966), requiring certain actions to be brought by the district attorney has no application. The jurisdiction given to the Municipal Court embraces this action for the purposes of recovery of the sum mentioned in the undertaking. (Laws of 1880, chap. 14, § 245.) It had no jurisdiction to direct by judgment that the defendant give new security, and the relief demanded by the complaint was not within the power of the court to effectually grant by judgment.

But the provision of the statute, that "upon a recovery on the undertaking the court in which it is had, may require from the defendant new security" (Code Crim. Pro, § 906), does not go to the jurisdiction of the court in question to determine an action and give judgment for the amount of such an undertaking within the prescribed limit. This statute does not necessarily require that the court entertaining such action shall possess the power to extend its judgment to relief beyond such recovery.

But the inquiry of more difficulty is whether there was any breach of the undertaking to justify the recovery. The warrant in the original proceeding was issued upon the complaint of the wife of the defendant William B. Shelley on the 28th day of June, 1884, and he was convicted on that day as a disorderly person on the charge of abandoning his wife, of leaving her in danger of becoming a burden upon the public and for neglect to provide for her according to his means (Code Crim. Pro., § 899), and on the same day the undertaking in question was made. The defendant and his wife had not cohabited for several years, but up to June 28, 1884, he had furnished her with some means for her support. Since then she has received nothing from him. She occupied rooms in the city of Rochester, and on the day of the conviction and on the following day he called at the door of her rooms and she on both occasions refused to see him, and on the evening

of this latter day (June twenty-ninth) he sent to her and she received the letter addressed to her, of which this is a copy:

"ROCHESTER, *June* 28, 1884.

"Mrs. SHELLY:

"I have provided a place for your support and maintenance, with necessary medical attendance in case you need it, in the family of D. C. Aldrich, at Kenyonville, Orleans county. I will go with you on Monday next or at any time you are ready. I must insist on your going there as I am not able to support you in any other place at this time.

"Trusting that it will not be long before I can do better,

"Yours,

"W. B. SHELLEY."

Mrs. Shelley did not accept this invitation. There is no reasonable opportunity upon the evidence for the inference that this offer was not made with the purpose of carrying it out, and it must be assumed that it was made to that extent in good faith. And the question is, whether this provision for her support was such as he had the right to tender and furnish as a performance of the condition of his undertaking, which is, that he "will indemnify the city of Rochester   *   *   *   against her becoming within one year *   *   *   chargeable upon the public."

The evidence tends to prove that the Aldrich House, though not large, was comfortable, and situated in a hamlet. The family consisted of Mr. Aldrich, his wife and a son eighteen years of age. The reasons given in support of the contention that the place was not a suitable provision for her, are, that she was in poor health; had lived in the city for many years; that she had no relatives or acquaintances at Kenyonville, and that no physician resided there. And two physicians who had treated her say that her nervous system has been shattered; her physical and mental condition is low; that she has a chronic disease of several years duration, with late developments; that in their opinion it would be injurious to her, in view of such condition, to take her from her friends and acquaintances to the place referred to. It also appears that there are doctors within one and two miles of Kenyonville.

There is nothing which fairly tends to prove that her physical

comforts would not be fairly provided for her at that place, and nothing to detract from its respectability.

The duty is upon the husband to provide suitable support for his wife. If he has been and continues ready, and in due time offered in good faith to do so, he has a defense against the charge of breach of the condition of the undertaking.

The matter of association, other than that it be respectable, is not a controlling element to be considered upon·a question of this character. With the husband is the right to select, as well as the duty to provide, a home for his wife ; and in that respect his judgment, fairly exercised, must govern, in so far as to relieve him from the charge of being a disorderly person. The defendant has some means but he is not a wealthy man. And although out of employment at the time of this offer to provide the home for his wife, so far as appears he was in good health and probably able for the time being to provide her a place to live in the city and support her there, but that does not necessarily deny to him the right to seek for her and himself a home elsewhere. This is in no sense a case to settle marital disputes between husband and wife or to harmonize their views.

It is simply a question whether he remained a disorderly person within the meaning of the statute after the undertaking was made, which depends upon the continuance of his neglect to provide for his wife. It does not appear that their condition in life has been such heretofore, or that the means of the defendant are such now, as to characterize the place the husband offered to provide as unreasonable, or such as to shock the sense of propriety, or that to require the wife to live there would be harsh or cruel treatment in the sense which is applied to those terms in such relation. If they had resided at the place in question it will hardly be contended from what appears here, that a mere desire not to live there would have permitted her to leave the place and charge him for her support elsewhere, or that his refusal to provide for her at another place to which she had voluntarily and without his consent gone, would have subjected him to the charge and conviction of the offense of a disorderly person, as for not providing for her according to his means. The statute is penal. The burden is with the plaintiff to establish a breach of the condition of the bond. The conviction had before the bond was made furnishes no evidence for that purpose. In the exercise

of his right, the defendant has selected a place for his wife to live, where he offers to provide her a home and support and to supply her physical wants. It is, perhaps, unfortunate that he could not have gratified her preference in respect to place of abode. And while it must be conceded that he ought to have respected her tastes and wishes in that respect, if his circumstances fairly permitted, yet the home for him to provide for her is so much the matter of his judgment and control that his action in doing so is not the subject of review by the court unless it evinces bad faith in view of all the circumstances. (*Babbitt* v. *Babbitt*, 69 Ill., 277; *Hair* v. *Hair*, 10 Rich. Eq., 163.) A place offered as a home might be such as he might suppose she would not accept, and thus indicate a purpose on his part not to furnish her support, but to so characterize it the place designated must be an unreasonable one for her residence and home, or such that the wife would be justified in leaving the place if she resided there, and as a consequence charge him with liability for her necessary support at such other place as she might obtain it. The home provided is neither so remote or so situated as to render its selection an unreasonable exercise of his discretion. It was in the locality where the defendant was acquainted and had friends residing.

The rule by which the failure of duty of the husband to the wife in the respect in question is measured, is that which permits the wife to sever her relations from him and his home and seek support elsewhere at his expense. And no less reason must exist to justify her refusal to accept a home and support provided for and offered to her by him. And such is the doctrine applicable to a case of this character. (*People* v. *Pettit*, 74 N. Y., 320; *People ex rel. Douglass* v. *Naehr*, 1 N. Y. Cr. R., 513.) The action is not supported by evidence of any breach of the condition of the undertaking.

The judgment of the County Court and that of the Municipal Court should be reversed.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment of the County Court and that of the Municipal Court of the city of Rochester reversed.