## Jane McClary v. Lee Warner.

1. HUSBAND AND WIFE—*Liability of Husband for Support of Wife.*
—If a husband fails or refuses to support his wife and children, and consents to their living with and being supported by another he will be liable for such support.

2. PRACTICE—*Taking the Case from the Jury.*—Where there is evidence on which in the eye of the law the jury can reasonably find in favor of the party holding the affirmative, it must be left to them to determine its weight and effect, and the exclusion of such evidence, and the instruction of the jury to find for the other party, is error requiring a reversal on appeal.

Attachment.—Appeal from the Circuit Court of Lawrence County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1896. Reversed and remanded. Opinion filed March 3, 1897.

T. B. HUFFMAN, attorney for appellant.

HUFFMAN & MESERVE, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT

Appellant sued out a writ of attachment against appellee, who was a non-resident of this State, and the writ was levied upon certain real estate, as his property, on January 15, 1896. On January 21, 1896, appellant filed her declaration in assumpsit against appellee, averring he was indebted to her in the sum of $2,000 for board, lodging, care, attention, schooling and doctoring of the wife and three children of appellant for the space of seventy-five months. Pleas of the general issue and of the statute of limitations were interposed, and issue was joined thereon. A trial was had and after plaintiff had introduced all of her evidence to the jury, the court, on the motion of defendant, instructed the jury to find a verdict for the defendant, which they did. Appellant filed a motion to set aside the verdict, and for a new trial, which the court denied, and entered judgment against her for costs. To reverse this judgment, this appeal is taken.

Among the errors assigned are : That the court erred in sustaining the motion to instruct the jury to find for the defendant under the evidence submitted; that the court erred in instructing the jury to find a verdict for the defendant; that the court erred in not permitting the case to go to the jury on the evidence submitted.

We are satisfied from an examination of the evidence that the errors are well assigned, and the jury should have been permitted to find a verdict from the evidence. In 1889 appellee left Illinois and went to Montana, where he has ever since resided. His wife and three children were left in Illinois and were afterward sent out to him, and remained about eighteen months, when they returned to the house of plaintiff, but not by reason of any request or procurement of plaintiff. Appellee, so far as the evidence shows, furnished no home, nor any means of support, for his wife or children, while they were with him; and since they have lived with appellant, and have been supported by her, has known and consented to their being so supported, has been requested by appellant to pay for such support, has never denied his liability, nor taken, nor offered to take, his wife and children back. A letter from him, in reply to a letter demanding payment for the support of his wife and children tends to prove his acknowledgment of liability therefor, and a promise to pay the same.

All these facts were pertinent to the issue, and should have been submitted to the jury. In the absence of any special promise of a husband to pay for the board and lodging of his wife, living apart from him, to a third person, he will not be responsible therefor unless she was living separate from him by his consent, or his conduct was such as to justify her leaving his bed and board. Schnuckle v. Bierman, 89 Ill. 454.

In Wilson v. Bishop, 10 Ill. App. 590, which was an action of assumpsit to recover for board, lodging and other necessaries furnished by the plaintiff to the wife and infant child of the defendant, the court held that, although a husband is not liable even for necessaries furnished his wife

while residing apart from him without his consent, and without good cause, yet if the separation is caused by improper treatment on his part, such as would justify her in leaving him, he is liable for her necessary support, and it is a proper subject for the jury to say from the evidence whether his conduct was such as to justify the wife in refusing to live with him.   The evidence in the case at bar tended to prove that the appellee failed and refused to support his wife and children, and that he consented to their living with and being supported by appellant.   In Frazer v. Howe, 106 Ill. 563, it was held, that where there is evidence on which, in the eye of the law, the jury can reasonably find in favor of the party holding the affirmative, it must be left to them to determine its weight and effect, and a motion to exclude such evidence and to instruct the jury to find for the other party ought to be denied.   People v. People's Ins. Ex., 18 N. E. Rep. 774; National Syrup Co. v. Carlson, 40 N. E. Rep, 492; C. & A. R. R. Co. v. Heinrich, 41 N. E. 551; New York Cent. & St. Louis Ry. Co. v. Luebeck, 54 Ill App. 97, are also in point.

The court erred in instructing the jury to find for the defendant, and the judgment is reversed and the cause is remanded.