The Illinois Central Railroad Company

*v.*

Helen Souders.

*Opinion filed February 22, 1899—Rehearing denied April 12, 1899.*

1. Pleading—*when additional counts do not state new cause of action.* Additional counts in an action against a railroad company, which state the same transaction and the same injury, and charge as the cause thereof, though in somewhat variant language, the same negligence in not stopping the train a reasonable time, do not set up a new cause of action, although they allege other negligence not connected by any averment with the plaintiff's injury.

2. New trial—*when affidavit in support of motion is properly rejected.* An affidavit by the defendant in support of a motion for new trial, which states affiant's belief that newspapers containing notices of a former trial of the cause and the amount of the verdict then awarded had found their way to the jury room, is properly rejected, even though affiant's belief is well founded, if such newspapers express no opinion or state no facts affecting the merits of the case.

3. Trial—*mere withdrawal of improper question after answer does not cure harm.* Prejudice arising from incompetent evidence adduced in response to improper questions or from improper remarks by counsel is not removed by their mere subsequent withdrawal.

4. Same—*it is error for the court to express opinions on questions of fact.* The remark, "The only question in this case is whether this lady [the plaintiff] had time to get off this train or not," made by the court to counsel in the presence of the jury, is error, where there is evidence before the jury which, if credited, would establish negligence on the part of the plaintiff.

5. Same—*when court's remarks before jury will work reversal.* Statements by the court before the jury, in an action for negligence, that plaintiff's counsel might refer to the *ad damnum* and "comment upon that as your measure of damages," and that the jury might "consider the damages laid" and "find whatever they want, but not exceeding the *ad damnum*," are ground for reversal, in the absence of anything in the instructions sufficient to cure the error.

Magruder, J., dissenting.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. James Goggin, Judge, presiding.

John G. Drennan, (James Fentress, of counsel,) for appellant:

If, at the close of all the evidence, the trial court should conclude that from a consideration of all the evidence a verdict for the plaintiff ought not to stand if returned, it is the duty of the trial court, when requested, to instruct the jury to find for the defendant. *Foster* v. *Wadsworth-Howland Co.* 168 Ill. 517; *Railway Co.* v. *Jenkins*, 174 id. 408.

A case supported only by the evidence of interested relatives should be subjected to more scrutiny than when the evidence comes from disinterested witnesses. *Martin* v. *Duncan*, 156 Ill. 274.

It is reversible error for the trial judge to make remarks in the hearing of the jury, during the trial of the case, calculated to influence them upon any material question of fact or in any manner prejudicial to either party to the suit. *Skelley* v. *Boland*, 78 Ill. 438; *Hasbrook* v. *Milwaukee*, 21 Wis. 217; *Farnham* v. *Farnham*, 73 Ill. 497; *Andreas* v. *Ketcham*, 77 id. 377; *Heinsen* v. *Lamb*, 117 id. 549; *Feinberg* v. *People*, 174 id. 609.

To be reversible error it is not necessary that the remarks should be addressed to the jury or be in the form of an oral instruction. *Feinberg* v. *People*, 174 Ill. 609; Elliott on Appellate Proc. 618; 1 Thompson on Trials, secs. 218, 219; *McIntosch* v. *McIntosch*, 79 Mich. 198.

An instruction which leaves the jury to determine what are the "issues" or "material allegations in the declaration" is erroneous. *Railway Co.* v. *Scanlan*, 168 Ill. 34.

When an attorney, in his argument to a jury, is guilty of making unfair remarks or mis-statements of the evidence calculated to improperly prejudice the jury in their deliberation, "the fruit of such unprofessional conduct ought to be taken away by granting a new trial." *Railway Co.* v. *Annis*, 165 Ill. 478; *Railroad Co.* v. *Fletcher*, 128 id. 626; *Chase* v. *Chicago*, 20 Ill. App. 274; *Railway Co.* v. *Krueger*, 68 Ill. App. 450; *Welch* v. *Huckins*, 45 id. 53; *Henry*

v. *Railroad Co.* 121 Ill. 264; *Railway Co.* v. *Cullison,* 40 Ill. App. 73; *Brown* v. *Swineford,* 44 Wis. 293.

It is reversible error for an attorney to state anything about the former trial, where a case has been tried before, which is not in evidence. *Atway* v. *Mattox,* 14 S. W. Rep. 1017.

The dangerous effect of mischievous matter, whether improper remarks of attorneys, improper evidence or improper questions, when once before the jury, is not cured by withdrawing it. *Porter* v. *Day,* 44 Ill. App. 260; *Railway Co.* v. *Winslow,* 66 Ill. 223; *Hackett* v. *Smelsley,* 77 id. 109; *Insurance Co.* v. *Rubin,* 79 id. 402; *Dickison* v. *Evans,* 84 id. 451; *Howe Machine Co.* v. *Rosine,* 87 id. 105.

Phelps & Cleland, for appellee:

Remarks made by the court to the attorneys in passing upon a question raised in the course of a trial, and not addressed to the jury, are not erroneous. *O'Hara* v. *King,* 52 Ill. 306; *Beasley* v. *People,* 89 id. 580; *Railway Co.* v. *Blume,* 137 id. 452.

Without information by the reviewing court as to what has been said by counsel in argument before the jury upon the other side, it is impossible to determine whether the remarks of counsel to the jury are prejudicial or not. The trial judge, who hears the entire arguments, must exercise his discretion, and where the arguments have escaped his censure the reviewing court will not interfere. *Railroad Co.* v. *Middleton,* 142 Ill. 558.

Unless it is apparent defendant has been injured by improper remarks the judgment should not be reversed. *Siebert* v. *People,* 143 Ill. 591.

In absence of a ruling of the court and an exception taken the question does not arise. *Railroad Co.* v. *Reagan,* 52 Ill. App. 488; *Grand Lodge* v. *Belcham,* 145 Ill. 308.

Even should there be great intemperance of speech, a case cannot be reversed for errors which do not have sufficient merit. *Wilson* v. *People,* 94 Ill. 327.

Mr. Justice Cartwright delivered the opinion of the court:

Appellee recovered a judgment against appellant, in the superior court of Cook county, for $20,000 damages for an injury received by her when alighting from a suburban train of appellant at Cheltenham, November 4, 1893.

The original declaration was filed July 5, 1894, and consisted of a single count, in which the negligence charged was, that upon the arrival of the train in which plaintiff was a passenger at Cheltenham Beach, while she, with all due care and diligence, was about to alight therefrom, defendant caused it to be suddenly and violently started and moved, throwing her upon the ground and causing her injury.  There was a trial of the issue made under that declaration, resulting in a verdict for $15,000, which was set aside and leave was given to file additional counts and to increase the *ad damnum* from $25,000 to $50,000.  After the lapse of more than two years from the time of the injury three additional counts were filed. To these additional counts a plea of the general issue was filed and also a plea of the Statute of Limitations. The court sustained a demurrer to the plea of the Statute of Limitations, and the defendant stood by the plea. This action of the court is assigned as error.  The additional counts each state the same occurrence and the same injury as the original declaration, and charge in each instance, in somewhat variant language, as the proximate cause of the injury, the negligent starting of the train when plaintiff, with due care, was about to alight therefrom, before a reasonable or sufficient time had elapsed for that purpose.  They all state the same cause of action, but, in addition, the second of them charges that defendant failed to erect and maintain a platform elevated from the ground, to give plaintiff an opportunity to safely alight upon the platform, and the third charges that defendant neglected to provide any platform.  There is no fact stated in either which shows that

plaintiff fell or was injured by reason of there being no platform or one not elevated. It is true that plaintiff says there was negligence in that respect; but it is not connected by any averment with the injury, while such injury is expressly alleged to have been due to another cause. It cannot be regarded as the statement of a new cause of action, but rather as a fuller statement of the situation, and we think there was no error in sustaining the demurrer.

At the conclusion of the evidence for plaintiff, and also at the close of all the evidence, defendant asked the court to instruct the jury to return a verdict of not guilty, and the request was refused. There was evidence on the part of the plaintiff fairly tending to establish the cause of action. She and her husband both testified that when the train arrived at Cheltenham they proceeded to get off, and he did get off, but the train did not stop long enough to enable her to do so, and while she was stepping from the train it was started and she was thrown forward and suffered the injury. With that evidence in her favor the issue was properly submitted to the jury, and it was right to refuse the instruction.

But one instruction was given on the part of the plaintiff, and it stated what facts the jury might take into consideration in fixing her damages, in case they found the issues for her. It is criticised by counsel, but we do not think any substantial ground of objection exists, and the same language was approved in *Chicago and Eastern Illinois Railroad Co.* v. *Holland*, 122 Ill. 461.

On the motion for a new trial the court rejected an affidavit offered by defendant that there had appeared in the newspapers of Chicago, during the trial, notices of the suit, and statements that on the first trial plaintiff had been awarded a verdict of $15,000, which affiant believed had found their way to the jury room. No fact in any way affecting the merits of the case was stated in the newspapers and no opinion was expressed, so that

there was nothing in the newspapers which would justify the court in setting aside the verdict even if it had been positively shown that they reached the jury, and the affidavit did not contain a positive averment of that fact. There was no error in rejecting the affidavit.

Much complaint is made of the conduct of counsel for plaintiff and remarks of the court prejudicial to the defendant and tending to destroy the fairness and impartiality which should characterize every judicial proceeding. We have often been called upon to condemn, as violations of propriety, the language of counsel where the court made some ruling or took some action which seemed sufficient to remove the deleterious effect. Judgments have been sustained in such cases where the court, upon being called on, has performed its duty, and where it has appeared that, upon the whole, there was fairness in the trial; but in this case the improprieties complained of were not removed nor attempted to be removed in any substantial way, although objection was made and they were excepted to at the time. Some of the objections touching the conduct of counsel are of small moment and do not require attention. The following are the principal ones:

Plaintiff was a working woman who had kept boarders, and while testifying her counsel asked her why it was she had charge of that business, and, after objection by defendant, she answered that it was because her husband was not able to work. Having got that answer her counsel withdrew the question and immediately put another question whether she had any other means of support than such business. Again, on objection, the question was withdrawn, but she had already answered, "Not at all." The withdrawal of the question was made with the admission that counsel had a suspicion the question was wrong. Again, in the argument to the jury, counsel, in commenting on the testimony of Dr. Larkin, who was a surgeon for defendant and who was sent to see plaintiff,

wanted to know where the report was that he made to his employers and why it was not produced at the trial. The report was not and could not be evidence, and the defendant would have had neither cause nor excuse for producing it upon the trial. Argument of that kind being objected to, the court ruled against the objection, saying, "Well, I suppose he has a right to comment on the doctor's testimony." The defendant excepted to the ruling, whereupon plaintiff's counsel withdrew the remarks. The ruling of the court was wrong, and the withdrawal, like the other withdrawals, was after the harm had been done. It would not be safe to establish the rule that after an injury is done a mere withdrawal is sufficient to restore the status, since that would furnish a very convenient method of bringing before the jury improper matters.

The most serious complaint, however, is of the remarks of the court. During an examination by defendant's counsel to show that a train could not be started with a jerk or sudden vibration the court said: "Now, Judge, it looks to me that you are going into the mechanism of railways. The only question in this case is whether this lady had time to get off this train or not." To this statement of the question in the case defendant excepted. That question, as stated by the court, related to negligence of the defendant, while the principal defense was that the plaintiff herself was negligent. The remark of the court was equivalent to saying that everything was settled except the mere question whether the plaintiff had time to get off the train. Evidence had been introduced by the defendant which, if credited, would show that the plaintiff was guilty of negligence. There were only three passengers in the car when the train stopped at Cheltenham, and they consisted of plaintiff and her husband and James A. Noonan, a lumber salesman, who appears to have been entirely disinterested. Plaintiff and her husband testified as above stated, but they were directly and flatly contradicted by Noonan, who testified

that they were talking when the train stopped and did not get up or attempt to get off until the train started again, and when the bell rang for a start the husband jumped up and said, "This is Cheltenham," and they attempted to get off, and that the witness and a trainman both told plaintiff to wait and both told her that the trainman would stop the train, but she persisted in her attempt to get off. Defendant had a right to have this question considered, as well as the question whether the train stopped long enough. It is error for the court to make any remark indicating his opinion upon any fact necessary to be proved. *Andreas* v. *Ketcham,* 77 Ill. 377; *Skelly* v. *Boland,* 78 id. 438; *Feinberg* v. *People,* 174 id. 609.

In the argument of the case to the jury plaintiff's counsel commenced to comment upon the *ad damnum* in the declaration, saying that they had asked the jury to award a verdict of $50,000; that the suit was originally for $25,-000, and that after the former trial they asked leave—and he was proceeding to state that the court permitted them to increase their claim. On objection the court said: "No, I don't think that is proper. Tell what your *ad damnum* is now laid at and comment upon that as your measure of damages, but as to what occurred upon the trial of another case—

Plaintiff's counsel: "I am not referring to any other case.

The court: "Or damages laid there, you have got the limit here. The jury can find whatever they want, but not exceeding the *ad damnum,* but it would be error to let in anything else." Plaintiff's counsel then saying that the court thought what he had said was not proper, the court again said: "No, no; I said the jury may consider the damages laid by you, but as to the records or proceedings in any previous case, I think it would be improper." These remarks were grossly improper, and were certainly prejudicial to defendant in authorizing the jury to consider, in arriving at their verdict, the damages laid in the decla-

ration, and telling them they could find whatever they wanted, not exceeding such *ad damnum.* It cannot be said that the jury did not hear these statements. They had as good an opportunity to hear them as anything else that occurred during the trial. One was a voluntary interruption by the court of the examination of a witness by counsel, which certainly would attract their attention, and others were in ruling upon an argument which was being addressed to them.

It is said that there were twenty-four instructions given on the part of the defendant, and that, the court having been so liberal with instructions, errors should be regarded as cured. But the question whether a particular evil or error is remedied does not depend upon counting the instructions, but upon what they contain. There were a great many instructions given, and perhaps more than ought to have been, as they were mere repetitions; but there was nothing in any of them which would change the injurious and prejudicial character of such a statement as the court made to the jury, that they were at liberty to do anything they wanted to so long as they did not exceed the *ad damnum,* or that the *ad damnum* was proper for argument as a measure of damages, or a proper subject for consideration by the jury in making up the verdict. The injury was severe, but the damages allowed are very large, and the remarks of the court were directed to that subject and likely to affect the amount of damages. Every one knows the importance juries ordinarily attach to the remarks and opinions of the court, and we think that in this case it would be unjust to overlook them, and that, in connection with the conduct of counsel complained of, they require a reversal of the judgment.

The judgments of the Appellate Court and superior court are reversed and the cause is remanded to the superior court.               *Reversed and remanded.*

Mr. Justice Magruder, dissenting.