## Clarence E. Brinckerhoff v. Andrew J. Briggs.

1.   HUSBAND AND WIFE—*Liability of the Husband for Necessaries Furnished to the Wife While Living Separate.*—Where a wife is living separate from her husband because of improper conduct or indignities upon his part, which constitute a sufficient cause for leaving him, he will be liable for necessaries furnished her even though he had proffered her such necessaries in the home provided by him, which she was compelled to leave.

2.   SAME—*When the Wife is a Competent Witness Against Her Husband.*—Under the statute (R. S. Ch. 51, Sec. 5, Hurd, 1899, page 857) a wife is a competent witness against her husband where the cause of action grows out of the neglect of the husband to furnish her with a suitable support.

3.   SAME—*Liability of the Husband at Common Law.*—The liability

of the husband to provide the necessaries of life for his wife and children is a common law liability.

4. PRACTICE—*Evidence of Matters in Rebuttal.*—Evidence of matters in rebuttal is to be confined to matters offered and admitted in proof.

5. TRIALS—*Improper Remarks of the Trial Judge.*—Remarks of the trial judge in the presence of and calculated to mislead the jury as to the law governing the case on trial are reversible error.

6. PLEADING—*When the Common Counts are Sufficient.*—In an action of assumpsit to recover for board and lodging furnished to the wife and children of the defendant, a declaration consisting of the common counts alone, is sufficient.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed December 20, 1900.

Statement.—This suit is in assumpsit, brought by appellee to recover for board and lodging furnished to appellant's wife and children.

The evidence discloses that appellant's wife left him in 1892, went to St. Louis for a time, and then, returning to Chicago, went to the house of her father, appellee. There is evidence tending to show that appellant sent his daughter, a child, to join the mother at appellee's home. After his wife had gone to St. Louis, appellant filed a bill for divorce, which was pending while appellee was boarding the wife and the two children. The suit thus begun resulted afterward in a decree of divorce in favor of appellant.

Appellee knew that appellant's wife had left him and that the divorce suit was pending when he furnished the board and lodging.

The only ground given by the wife for leaving her husband, appellant, was that he was unlawfully intimate with a servant girl.

Upon trial a verdict was returned for appellee, assessing the damages at $530, upon which the judgment here appealed from was rendered.

F. L. SALISBURY, attorney for appellant.

KING & GROSS, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The errors assigned and argued relate to rulings upon matters of procedure.

It is contended that there was error in admitting over objection the testimony of the wife of appellant in a suit against appellant and in relation to occurrences during their marriage. The error is not well assigned. Under the provision of our statute the testimony was competent, the cause of action here being one which " grows out of the neglect of the husband to furnish the wife with a suitable support." Sec. 5, Chap. 51, R. S.

Secondly, it is contended that the court erred in excluding evidence as to the manner in which appellant provided for his wife and family prior to the separation. There was no error in this ruling. The only ground relied upon by appellee as justifying the wife in separating herself from her husband was the alleged unlawful intimacy of the husband with a servant. There was no evidence of any other fault of the husband, or of any failure upon his part to provide support. Hence there was nothing to rebut by proof that he furnished sufficient support, and in other respects than the one complained of, treated his family properly. He had but the one matter to meet with proof, viz., the alleged intimacy with the servant. Hence the court ruled properly in excluding evidence proffered by him upon other subjects in this behalf.

The remaining assignment of error to be considered is a remark by the court in the course of the trial and in the hearing of the jury. It occurred in the connection and manner following:

" The Court: I understand there is a decree.
Counsel: Yes.
The Court: For whose fault?
Counsel: For the fault of that woman.
The Court: That don't make any difference. Until there was a divorce he was liable for board."

To the latter remark of the court counsel for appellant preserved an exception. He now argues that the remark was likely to mislead the jury as to the law governing.

We think the contention sound. The right to a recovery in this cause turns upon the question as to whether the wife of appellant, at the time appellee furnished to her and to her children the board and lodging sued for, was living apart from her husband through any fault of his. Upon this question there was a conflict in the evidence.

There is no controversy as to the fact that appellee furnished the board and lodging sued for. There is no controversy as to the fact that the wife had left the house of the husband. The whole case turned upon the question as to the fault of the husband causing the separation. There being here no showing that the husband failed to provide a home and the necessaries of life for his wife and children, and it appearing that the wife had left the home provided by the husband, it was incumbent upon the appellee to show that she was thus apart from her husband through some sufficient cause. Evans v. Fisher, 5 Gil. 569; Rea v. Durkee, 25 Ill. 503; Ross v. Ross, 69 Ill. 569; Bevier v. Galloway, 71 Ill. 517; Wilson v. Bishop, 10 Ill. App. 588.

This presented a question for the jury. If the jury found from the evidence that the wife of appellant was living separate from her husband because of improper conduct or indignities upon his part which constituted a sufficient cause for leaving him, then he would be liable for necessaries furnished her even though he had proffered such necessaries in the home provided by him, which she was thus compelled to leave. The remark of the court was likely to lead the jury to ignore this element and to conclude that until there was a divorce the husband was liable for the board and lodging furnished by appellee, irrespective of any fault of the husband causing the living apart. The learned trial judge did not misapprehend the law. What he doubtless intended by the statement in question was that the mere fact of a subsequent decree of divorce obtained by the husband upon ground of cruelty, would not of itself preclude a recovery here, if it was established that at the time of furnishing the board and lodging the wife of appellant was living apart from him because of his

fault.    But the difficulty is that the jury heard the remark and it might well convey the impression that the court intended to declare that until the divorce was obtained the appellant was liable to appellee for the board of his wife whether she was apart from him through his fault or not.

In I. C. R. R. Co. v. Souders, 178 Ill. 585, the judgment was reversed upon the ground of remarks by the trial judge which were calculated to mislead the jury.    The statement by the judge presiding in that case was not unlike the statement here in question, in that it apparently ignored essential elements in the trial of issues.    The Supreme Court said, in disposing of that appeal, "Every one knows the importance juries ordinarily attach to the remarks and opinions of the court, and we think that in this case it would be unjust to overlook them."

Upon the authority of the decision in the Souders case, we must reverse the judgment here.

Upon the question raised as to the pleadings it is enough to say that the *narr.*, consisting only of the common counts, was sufficient.    No special count was necessary.

Neither is there any merit in the contention that the liability of the husband must be based upon a provision of our statute.    The liability of the husband to provide the necessaries of life for wife and children is a common law liability.

For the reason above indicated the judgment is reversed and the cause remanded.