## Chicago & Eastern Illinois R. R. Co. v. Isabella I. Wallace.

1. PLEADINGS—*Two Causes of Action in Two Different Counts.*—Two causes of action are not stated in two different counts, one of which alleges that the defendant carelessly and negligently caused the train to be suddenly started, while the plaintiff was alighting there-from, and the other that the defendant did not allow her a reasonable time to alight from the train.

2. EVIDENCE—*Hypothetical Questions.*—Hypothetical questions need not contain all the material facts which the evidence tends to prove. It is enough if there is evidence tending to prove the facts stated in the hypothetical question.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presid-ing. Heard in this court at the October term, 1901. Affirmed. Opin-ion filed October 27, 1902.

K. M. LANDIS and ALBERT M. CROSS, attorneys for appel-lant; W. H. LYFORD, of counsel.

SAMSON & WILCOX, attorneys for appellee.

MR. JUSTICE ADAMS ·delivered the opinion of the court.

The declaration, filed May 3, 1895, avers, in substance, that the plaintiff (appellee here,) to wit, September 4, 1894, at Chicago Heights, in Cook county, became a passenger on defendant's train, to be carried to Englewood in said county, and while plaintiff, with all due care, was alighting from the train at Englewood, the defendant carelessly and negligently caused the train to be suddenly and violently started and moved, and thereby the plaintiff was thrown violently to the ground or platform of the depot of said station, and received severe injuries, etc. October 19, 1900, two additional counts were filed to the declaration. The negligence averred in the first additional count is that " while the plaintiff, with all due care and diligence, was in the act of alighting therefrom, and before she had been allowed a reasonable time to alight, the defendant carelessly and negligently caused the train to be started and moved," etc. The second additional count is substantially the same as the first additional count.

The defendant pleaded the general issue to the whole declaration and the statute of limitations to the additional counts. The court sustained a demurrer to the plea of the statute. We think it very clear that a new cause of action is not stated in the additional count, and that the demurrer to the plea was properly sustained. If appellant carelessly and negligently caused the train to be suddenly started, while the plaintiff was alighting therefrom, as averred in the original declaration, then the defendant did not allow her a reasonable time to alight from the train, as averred in the additional counts. The negligence averred in the latter counts could have been proved under the original count. Chicago Gen. Ry. Co. v. Carroll, 189 Ill. 273; Ill, C. R. R. Co. v. Souders, 79 Ill. App. 41, 49; 178 Ill. 585, 588.

The decision in 178 Ill., is directly in point, and adverse to the contention of appellant's counsel.

It is contended that, as to the question of negligence, the verdict is against the weight of the evidence; that the damages are excessive, and that the court erred in rulings on

evidence. We have carefully read and considered all the evidence, and are of opinion that the verdict, as to appellant's negligence and appellee's care for her own safety, is fully sustained by the evidence. The verdict, $9,000, on which judgment was rendered, seems large, but the evidence tends to prove that appellee's injuries caused by the accident are very severe, and permanent; the trial was fairly conducted, and we can not say the damages awarded are excessive.

Objection is made, in argument, to certain hypothetical questions asked the physicians, witnesses for appellee, by appellee's counsel, the objection being that the questions did not contain all the material facts which the evidence tended to prove. The objection can not be sustained. It is enough if there is evidence tending to prove the facts stated in the hypothetical question. Cole v. Fall Brook Coal Co., 159 N. Y. 59, 68; Howard v. The People, 185 Ill. 552, 560.

The objection in the last case cited was the same as in the present case, viz., that the questions " did not embrace all the facts." Ib. 559–60; see also, C. & A. R. R. Co. v. Harrington, 192 Ill. 9, 31.

The judgment will be affirmed.