### Lewis Bensyl v, James Hughs.

1. HUSBAND AND WIFE—*Liability of Husband for Wife's Necessaries upon Separation by Consent.*—In case of a separation of husband and wife by mutual consent, the husband is liable to a third party for necessaries furnished the wife, unless he can show that he has made other and sufficient provision for her, or has placed himself in a situation which relieves himself from furnishing her necessaries.

2. SAME—*Where Wife Refuses to Live with Husband.*—The husband is not liable for the wife's necessaries while she lives separately from him and refuses to return to his home.

Assumpsit, for necessaries furnished to wife. Appeal from the County Court of Champaign County; the Hon. CALVIN C. STALEY, Judge

presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

Royal Wright, attorney for appellant.

Ray & Dobbins and Walter B. Riley, attorneys for appellee.

Mr. Justice Harker delivered the opinion of the court.

In a suit by appellee to recover for board and lodging furnished appellant's wife, while living apart from appellant, appellee recovered a judgment for $204.

That appellee furnished appellant's wife board and lodging for at least sixty-eight weeks was not disputed upon the trial. But it was contended that she left appellant voluntarily and refused to return after he had specifically requested her to do so.

The evidence shows that on the 12th of December, 1900, after a slight quarrel, appellant and his wife separated and she went to appellee's to board. It was a separation " by consent," and under the authorities appellant is liable to a third party for necessaries furnished her, unless he can show that he has made other and sufficient provision for her, or has placed himself in a situation which relieves him from furnishing her necessaries. Ross v. Ross, 69 Ill. 569; Seybold v. Morgan, 43 Ill. App. 40.

Soon after the separation, appellant requested his wife to return. She refused and brought suit for separate maintenance. He was, therefore, absolved from paying her board and lodging until she should in good faith offer to return. This she did in about six months, but he, supposing that her refusal in the first instance relieved him from supporting her, declined to take her back. The liability to appellee for his wife's board dated from that time. The damages allowed by the jury covered the entire time from the separation to the bringing of the suit at the rate of $3 per week and were too large by $72. But as appellee has, since the record has been filed in this court, entered a remittitur of $72, the error in that regard has been corrected.

The trial court properly refused to admit in evidence the pleadings and decree in the separate maintenance suit between appellant and his wife. Appellee was not a party to that suit, and in nowise bound by the result of it. The judgment will be affirmed to the extent of $132, and costs of suit below, judgment against appellee for costs of this court.