## Helen Kulvie, Appellee, v. Bunsen Coal Company, Appellant.

1. MINES AND MINERS—*when Shot Firers Act of 1907 inapplicable.* An operator cannot urge that the right of action of a miner is under the Shot Firers Act of 1907 where it appears that the only certificate issued to such miner by the miners' examining board, was one of competency as a "coal miner."

2. MINES AND MINERS—*what best evidence of proceedings of miners' examining board.* The records of such board, and not the testimony of a member thereof, is the best evidence of examinations conducted by such board and the questions propounded by the board and the answers given by a particular applicant.

3. MINES AND MINERS—*what evidence competent in action for loss of support.* In such an action it is not only competent for the plaintiff, the widow of the deceased, to show the existence of surviving children, but also to adduce testimony to establish that such deceased was the sole support of herself and such surviving children.

4. TRIAL—*what arguments of counsel not improper.* While the practice of referring to the amount of the *ad damnum* in instructions has been often disapproved, no authority exists to the effect that a mere reference by the plaintiff's counsel in argument to the amount claimed by him is prejudicial error.

5. INSTRUCTIONS—*when need not sum up entire case.* Where an instruction does not conclude with a direction to the jury it is not necessary that the plaintiff in every instruction should anticipate and negative every defense.

6. INSTRUCTIONS—*must be predicated upon evidence.* An instruction is properly refused which is not predicated upon any evidence in the cause.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Vermilion county; the Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

H. M. STEELY, for appellant.

KEESLAR & GUNN and C. H. BECKWITH, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This action is predicated upon the alleged wilful

violation by the defendant of clause D, section 16 of the Miners Act, which, in enumerating the duties of the mine manager, provides that he "shall give special attention to and instruction concerning the proper storage and handling of explosives in the mine, and concerning the time and manner of placing and discharging blasting shots." Upon a trial by jury, a verdict was returned in favor of the plaintiff, and judgment rendered thereon for the sum of $5,000.

The third and fourth amended counts of the declaration charge in substance, that the deceased and his buddy, one Wuysik, were working as ordinary coal diggers in the employ of the defendant, and were engaged in digging coal in a pillar off of room number 10 off of the 6th west entry off of the main south entry in said mine, and had been so employed for a period of four weeks; that it was the duty of the defendant, under the statute, to instruct them as to their duties, and to give them special instruction concerning the time and manner of placing and discharging blasting shots in said mine. That on August 28, 1909, the defendant ordered and directed the deceased said Wuysik to discharge three blasting shots theretofore placed in the pillar of coal between the end of room 17 and the 5th east entry off of said main south entry, but wilfully neglected to specially instruct them concerning the time and manner of discharging blasting shots in said mine, and that not having been so instructed in this regard, they discharged said three shots simultaneously and as one blast; that by reason of such violation and the force of the explosion, a large quantity of coal was thrown out, which struck Kulvie, and crushed and killed him. The survival of the plaintiff as widow and the injury to her means of support, are then alleged. The fourth count charges that no directions were given to Wuysik, while the third charges that no directions were given to either. The fourth count differs from the third in that it charges that

Wuysik discharged two shots simultaneously, and that while Kulvie was attending to the firing of the third shot, it exploded at the same time. In other respects the two counts are substantially alike.

The evidence adduced by the plaintiff tends to show that on October 28, 1909, and for about a week prior thereto, the deceased and Wuysik had been working as ordinary coal diggers in the pillar of room 10 off of the 6th west entry; that they began work at about nine o'clock in the evening, and worked about seven hours, after which, on orders received from the assistant mine manager, they fired shots in other parts of the mine; that such latter work occupied about half an hour and that they received extra pay for the same; that on the day in question there were three blasting shots set in the room neck of room 17; that the deceased started to light part of the shots and Wuysik the others when for some reason, all three shots exploded simultaneously, in consequence of which Kulvie was killed; that prior to their employment as aforesaid, Wuysik had never fired a shot, and was unable to tell a good shot from a bad one, and that neither the mine manager nor his assistant had ever given either the deceased or Wuysik any directions or instructions whatever relative to handling explosives, or concerning the time and manner of firing shots. There was thus sufficient evidence to warrant the court in submitting to the jury the issue as to whether the defendant had wilfully violated the section of the Miners Act above referred to and whether said violation was the proximate cause of the death of Kulvie.

The defendant contends that the Shot Firers Act of 1907 is applicable to the present case, and that plaintiff's right of action, if any, must be determined thereunder; that the deceased and his buddy were "shot firers" within the purview of such statute; that under such act the declaration is defective in that it fails to charge that Kulvie and Wuysik were not practical ex-

perienced men and such as the defendant had the right under such statute, to designate as "shot firers." Section 2 of said act provides in part, that "in all mines in this State where coal is blasted, where more than two pounds of powder is used for any one blast, * * * a sufficient number of practical experienced men to be designated as 'shot firers' shall be employed by the company, at its expense, whose duty it shall be to inspect all the firing of blasts prepared in a practical workmanlike manner in said mine or mines."

The facts and circumstances in evidence fail to show that the deceased and his buddy were employed and acting as shot firers, within the intendment of the statute. There is no evidence that more than two pounds of powder were used for one blast in the mine in question, thus bringing it within the class to which the statute is applicable, nor does it appear that the deceased was a practical experienced man. Moreover, the certificate of competency given him by the miners examining board under section 53, chapter 93 of the statutes, gives him the right to seek employment as a "coal miner" merely, and not as a "shot firer." The defendant therefore would have no right to employ him as such. On the contrary, the fact that at the time they were engaged in firing the shots in question the defendant permitted the mining of coal in other parts of the mine, contrary to the provisions of such statute, leads to the suspicion that the assignment of such work to the deceased and Wuysik was with a view to evade the statute and escape the additional expense which would be necessary to a strict compliance with such statute.

The court instructed the jury that they should return a verdict of not guilty if they believed from the evidence that the deceased and Wuysik, at the time of the accident, were shot firers employed by the defendant. The jury has found from the evidence, under such instruction, that they were coal diggers and not

shot firers, and for the reasons stated, we cannot say that it was unwarranted in such conclusion.

It is urged that the court erred in refusing to allow the witness Alloway, a member of the examining board which issued the certificate to Kulvie, to answer the following question: ''Before issuing certificates by your Board, what examination did you give the miner? Objected to by plaintiff. Objection sustained. Exception by defendant.'' Counsel states in argument that his purpose was to show by that and other questions, that the deceased was examined by the Board as to the time and manner of firing blasting shots and answered their questions correctly. We think the ruling of the court was proper, for the reason that the evidence proposed to be offered was not the best of which the case in its nature was susceptible. Section 5 of the act, which provides for the examination and issuing of certificates to miners, provides that the Board shall keep an accurate record of the proceedings of their meetings, and on said record shall show a correct detailed account of the examination of each applicant, with the questions and their answers, and that at each meeting the said Board shall keep said record open for inspection. Where the law requires a written record of an official act, the writing is the best evidence of such act. 1 Greenl. Ev. sec. 90. It does not appear that the production of the original record in court was impossible, or that it would cause inconvenience to the public, nor was an examined copy thereof offered. The defendant was therefore barred from introducing oral secondary evidence as to its contents.

The court permitted the plaintiff to testify that the deceased left two children surviving him, and afterward improperly excluded such evidence. There is but one cause of action given by the Miners Act. The present suit was for the benefit of not only the widow, but the surviving children, if any, and it was proper to show that there were such. Nor was it error to al-

low the plaintiff to prove that the deceased was the only support she had during his lifetime. While evidence as to the pecuniary circumstances of the widow, family or next of kin since the decease of the intestate, is incompetent, evidence that the wife, children or next of kin were dependent upon the deceased for support before and at the time of his death, and that he was their sole means of support, is competent. Claffy v. Chicago Dock Co., 249 Ill. 210; Cook v. Mining Co., 249 Ill. 41.

It is further urged that counsel for the plaintiff, in argument to the jury, improperly stated that the plaintiff was asking the sum of $10,000, the amount claimed in the declaration, which statement, upon objection thereto being interposed, was withdrawn.

While the practice of referring to the amount of the *ad damnum* in the instructions has been often disapproved, we have been cited to no authority to the effect that a mere reference by the plaintiff to the amount claimed by him was prejudicial error. I. C. R. R. Co. v. Souders, 178 Ill. 585, cited by counsel for the defendant, does not so hold, and we are not disposed to do so.

The court did not err in giving the first instruction for plaintiff, which advised the jury that they could take into consideration the fact that in addition to leaving a widow, the deceased left children him surviving. Beard v. Skeldon, 113 Ill. 584; Claffy v. Chicago Dock Co., *supra.*

Complaint is made of the third instruction given for the plaintiff, which told the jury in effect that the plaintiff was relying upon a wilful violation of the statute, and that contributory negligence, assumed risk and the fellow-servant doctrine were not defenses to an action of that character, and then proceeded to state that the question for the jury to determine was whether or not the defendant was guilty of the wilful violation of the statute charged in the declaration, and

whether such wilful violation was the proximate cause of the death of Kulvie. It is claimed that the instruction ignored the defense that the deceased was a shot firer. If the instruction had directed a verdict, the complaint would have been well-founded; as it did not, it is not. It has been held repeatedly that it is not necessary for the plaintiff, in every instruction, to anticipate and negative every defense. The plaintiff is obliged only to present the theory of the law applicable to his case. Coal Co. v. Rademacher, 190 Ill. 538.

We see no objection to the fourth and fifth instructions given for the plaintiff. They merely tell the jury the essential facts charged in each count of the plaintiff's declaration, and neither of them directs a verdict on the proof of any such fact. There was no evidence upon which to base the defendant's 15th and 16th refused instructions. Other objections are urged as to the rulings of the court upon the instructions. To discuss each of them in detail would unduly lengthen this opinion. It will suffice to say that we find no prejudicial error in the rulings of the court thereon.

The judgment of the Circuit Court is affirmed.

*Affirmed.*