# Winifred Evans, Appellee, v. Lela L. Evans, Adminis=tratrix, Appellant.

## Gen. No. 5509.

ADMINISTRATION OF ESTATES—*who not entitled to award.* A married daughter of the deceased who was living with such deceased at the time of his death is not entitled to an award where she was intending to resume her marital relations and was at least in part supported by her husband at the home of such deceased.

Appeal from the Circuit Court of La Salle county; the HON. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1911. Reversed. Opinion filed October 13, 1911. Rehearing denied November 23, 1911. *Certiorari* denied by Supreme Court (making opinion final).

SNOW & HAIGHT, for appellant.

I. I. HANNA, for appellee.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

Elisha S. Singer died in LaSalle county intestate on November 12, 1909. Letters of administration were issued upon the estate of the deceased. Appraisers were appointed who made a report appraising the estate but did not make an allowance or award. Winifred Evans, a daughter, filed a petition in the probate court in which she objected to the report of the appraisers for the reason that they had neglected to make an award, and she set up that the deceased died while temporarily away from his residence in South Ottawa and that at the time of his death he was a housekeeper and the head of a family; that he died leaving no widow; that petitioner is a daughter of the deceased and that for a period of eight weeks before the death of her father and from soon after the death of her mother

she, at his request, went to reside with him as a member of his family and was his housekeeper until his death, and that she had no other residence than that with the deceased and that she lived separate and apart from her husband, and that it was the intention of the deceased and of herself that she should permanently live with him as long as he lived. The probate court dismissed the petition. The petitioner appealed from that order to the circuit court, where upon a hearing the court made an order finding that the petitioner was entitled to an award, and directing the appraisers to make an allowance to her as his female child residing with him at the time of his death. The administratrix appeals from that order.

The evidence shows that Elisha S. Singer lived in South Ottawa; that his wife died on July 31, 1909; that he left surviving him four children, the appellee, George S. Singer, Lela L. Evans and Juanita Busser; that the deceased was a housekeeper and after the death of his wife lived part of the time at home and part of the time with appellee in Grand Rapids township, in LaSalle county; that appellee is a married woman who was living with her husband keeping house in Grand Rapids township at the time of her mother's death; that about September 8, 1909, appellee and her husband stored their household goods in Grand Rapids township and she went to live with her father in Ottawa, where she stayed and kept house for him eight weeks, the two living in the house alone, until he died. Appellee stated in her evidence that during that time she was keeping house for her father. She was asked by her counsel "Who lived at that time with your father?" Ans. "I went to keep house with him." When appellee went to her father's house her husband went to Clarion, Iowa, to do some tiling. Appellee and her husband wrote letters to each other, and he sent her money from time to time during the eight

weeks she was at her father's while he was in Iowa, and after her father's death the husband returned to Ottawa where he and his wife have since been living together in the house of the deceased. Appellee testified that she and her father lived together; that he furnished some things and she some; that her father furnished her no money "nor board nor clothes." She admitted her husband sent her $5 from Iowa, but denied that he sent her any more, although Lela L. Evans, the sister who is administratrix, testified appellee told her she had spent $84 while at her father's, and Ellen Busser, a daughter of Juanita Busser, testified she showed her $30 that her husband sent her. Albert Rees testified that Elisha S. Singer "said that Mrs. Evans was going to stay with him and he was very much pleased over it;" and Mrs. Perrott, a neighbor of Singer's, testified that Singer said to him that "he was glad Winifred had come to keep house for him;" and George Singer, a son of the deceased, a witness called on behalf of appellee, testified that "she came in to stay while her husband was going to Iowa to ditch."

The question involved is the construction of section 77 of the Administration Act, which is: "When the person dying is, at the time of his or her death, a housekeeper, the head of a family, and leaves no widow, or surviving husband, there shall be allowed to the children of the deceased residing with him or her at the time of his or her death (including all males under eighteen years of age and all females) the same amount * * * as is allowed the widow."

The family relations that existed between appellee and her husband while she was staying with her father were friendly and in no way adverse. The husband of appellee was the head of his family, and his domicile was in contemplation of law his wife's domicile and residence so long as their relations were not ad-

verse. Cooper v. Beers, 143 Ill. 25; Babbitt v. Babbitt, 69 Ill. 277. The deceased was a householder and the head of his family. The question arises, could appellee be a member of two families at the same time. The design of the statute is to furnish an allowance to support the members of the family surviving the death of the housekeeper, for one year. Appellee and her husband had stored their goods until such time as he should finish his work in Iowa, or her father should not require her attention, or the husband might insist on his marital rights, and that the appellee, his wife, should accompany him and live with him. Babbitt v. Babbitt, *supra;* 15 Am. & Eng. Ency. of Law 812. As long as the relation of husband and wife existed and neither of them had any intention of breaking such relations the residence of the husband was in the eye of the law her residence and she could not be a member of another family.

"At common law, the husband was liable, in an action at law at the suit of any person furnishing to the wife, necessaries, suitable to her condition in life, if the wife was residing apart from him because of his wilful and improper treatment of her, or by his consent." Johnson v. Johnson, 125 Ill. 510; Evans v. Fisher, 5 Gilm. 569; Ross v. Ross, 69 Ill. 569; McClary v. Warner, 69 Ill. App. 223; Brinckerhoff v. Briggs, 92 Ill. App. 537; Bensyl v. Hughs, 109 Ill. App. 86.

That she was with her father with her husband's consent for a few weeks before he died did not make her a resident of her father's home and entitled to a daughter's award for her support for a year from her father's estate, so long as she was a married woman intending to renew her marital relations with her husband in the future, and was, at least in part, supported by her husband at her father's home. We are of the opinion she was not entitled to an award.

The judgment of the Circuit Court is reversed.

*Reversed.*