Minnie B. Gardiner, Appellee, v. Guy A. Richardson et al., trading as Chicago Surface Lines, Appellants.

**Gen. No. 39,423.**

Opinion filed December 15, 1937.

FRANK L. KRIETE, WARNER H. ROBINSON and ARTHUR J. DONOVAN, all of Chicago, for appellants; JOHN R. GUILLIAMS, of Chicago, of counsel.

H. H. PATTERSON and JEROME M. ROSENTHAL, both of Chicago, for appellee; EDMUND C. MAURER, of Chicago, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the defendants from a judgment entered on the verdict of a jury for $10,000, for damages sustained by the plaintiff on April 19, 1935, occasioned by a fall while she was alighting from the front step of a northbound Broadway avenue street car. Defendants' motion for judgment notwithstanding the verdict was overruled and judgment was entered on the verdict.

The plaintiff charges that the motorman opened the door located at the front of the street car which would permit the plaintiff to alight therefrom; that plaintiff proceeded to step down upon the step located at and beneath the opened door of said platform, and by reason of said step failing to be in a position which would permit the plaintiff to safely alight from said street car, said step not being in a position horizontal to the street level, but instead was at an angle thereto, said plaintiff was caused to lose her balance and fall violently to the street; that the accident and injuries to plaintiff were due to the carelessness and negligence of the defendants and their agents in permitting said step to be at an angle which would cause plaintiff to fall.

There was also a wilful and malicious charge, which on motion of the plaintiff was withdrawn.

The answer of the defendants denies all charges, and alleges if the plaintiff sustained injuries they were not caused by any alleged carelessness or negligence on the part of the defendants, or their agents or servants, but were caused by the plaintiff's own negligence at the time and place in question.

At the close of plaintiff's case the defendants presented a motion to instruct the jury to find the defendants not guilty; also at the close of all the evidence. These motions were denied, and the instruction presented with each motion was further refused, after which the defendants presented their motion for judgment notwithstanding the verdict, which was denied and judgment was entered upon the verdict of the jury.

It does not appear from the record that the defendants filed a motion for a new trial, and the subject for review is the single question of whether the evidence of the plaintiff is legally sufficient to sustain the cause of action and to justify the court in directing that judgment be entered on the verdict of the jury.

From plaintiff's evidence it appears that as the street car approached Rosedale avenue she, as a passenger, motioned to the motorman to let her off and he stopped the car at that point; that when the car stopped the motorman opened the door that leads from the platform to a step underneath the car for the purpose of alighting upon the street; that she had hold of the upright handle and stepped down onto the step with her right foot, when, as she testified, "my foot came in contact with the step and the step went down and it threw me and I went out; it threw me down." It further appears from cross-examination of this witness that she looked toward the step in getting off and it appeared to be down; that "there was something wrong in the way the step was put down; it appeared to be level but it was not. It appeared to be all right but it wasn't all right," and she further said in her testimony that "no one else got off the car ahead of her and as to what I felt when my foot and weight hit that step, I was on the step and I felt the step under me and then suddenly it went down further after I was on."

Counsel for defendants put this question to the plaintiff: "I say it was simply your conclusion, after you fell off, that something must have happened to the step, isn't that true?" and she answered: "No, not the way you put it, it is not true." So what we have indicated is, in a measure, the evidence of the plaintiff as to how the accident happened in which she was injured.

In considering the evidence offered on behalf of the plaintiff, we should have in mind the rules announced by the Supreme Court and the Appellate Court of this State that apply with reference to directing a verdict for the defendant or after a verdict for the plaintiff for judgment for the defendant notwithstanding the ver-

dict. Plaintiff's counsel calls our attention to Supreme Court Rule 22, which is also referred to by the defendants and reads as follows: ''The power of the court to enter judgment notwithstanding the verdict may be exercised in all cases where, under the evidence in the case, it would have been the duty of the court to direct a verdict without submitting the case to the jury.''

In the case of *Kelly v. Chicago City Ry. Co.*, 283 Ill. 640, the plaintiff recovered a verdict and judgment in a personal injury case, which was affirmed by the Appellate Court for this district. A certificate of importance and appeal was granted and upon review the court said:

''It is first insisted that the court was in error in refusing to exclude the evidence and instruct the jury to find defendant not guilty. A motion of this character, accompanied by the proper instruction, was made at the close of the plaintiff's case and renewed again at the close of all the evidence. The court refused to give the instruction, and its refusal is assigned as error. The only question raised and preserved for review in this court on such motion is, does the evidence on the part of the plaintiff, if taken as true and most favorably considered for him, with all just inferences to be drawn therefrom, make out a *prima facie* case on the part of the plaintiff? The question of the weight of the evidence or the credibility of the witnesses cannot be considered. If there was any evidence in the record from which, standing alone, the jury might, without acting unreasonably in the eyes of the law, have found the material averments of the declaration to have been sustained, the motion was properly denied and the instruction refused. *McGregor v. Reid, Murdock & Co.*, 178 Ill. 464; *Libby, McNeill & Libby v. Cook*, 222 Ill. 206; *Devine v. Delano*, 272 Ill. 166. We can, therefore, only review the evidence at this time for the pur-

pose of ascertaining whether or not the evidence on the part of appellee established a *prima facie* case.''

That being the general rule, what effect did the failure of the defendants to make a motion for a new trial have when they made a motion for a judgment notwithstanding the verdict of the jury?

The court in the case of *Illinois Tuberculosis Ass'n v. Springfield Marine Bank,* 282 Ill. App. 14, had this to say upon the question involved in a motion for judgment notwithstanding the verdict under the Civil Practice Act of 1934: ''It is provided however by sec. 68, par. (3)a, of the Civil Practice Act, Cahill's Rev. St. 1933, ch. 110, par. 196, that at the close of the testimony either party may request the court for a directed verdict and that the court can reserve its decision thereon, and submit the case to the jury and after verdict may hear arguments for and against such request and if the court shall decide as a matter of law that the party requesting the directed verdict was entitled thereto, the court shall enter its decision on the record and order judgment in accordance with such decision notwithstanding the verdict. This provision of the Civil Practice Act changes the common law rule and permits either party to move the court for judgment notwithstanding the verdict.'' The court further said:

''The court in passing upon the motion must decide, as a matter of law, that the party requesting the directed verdict is entitled thereto. This provision of the Civil Practice Act taken in connection with Rule 22 of the Rules of Practice of the Supreme Court which provides: 'The power of the court to enter judgment notwithstanding the verdict may be exercised in all cases where, under the evidence in the case, it would have been the duty of the court to direct a verdict without submitting the case to the jury,' requires the court to be governed by the same rules in passing upon a motion for a judgment notwithstanding the verdict as

govern it in passing upon a motion for a directed verdict. The trial court in passing upon this motion has no more authority to weigh and determine controverted questions of fact under the Civil Practice Act than under the Practice Act of 1907. *Capelle v. Chicago & N. W. Ry. Co.,* 280 Ill. App. 471.''

In *Capelle v. Chicago & N. W. Ry. Co.,* 280 Ill. App. 471, cited with approval by the court in the case of *Illinois Tuberculosis Ass'n v. Springfield Marine Bank, supra,* this language is used: ''We are not of the opinion that the present Practice Act in allowing a trial court to give judgment notwithstanding the verdict, in favor of a defendant, has in any way abrogated or modified the above rules of law. The trial court has no more power to weigh and determine controverted questions of fact under the present Practice Act, than it had prior thereto. In furtherance of the general principle that it is preferable that cases involving questions of fact should be disposed of on their merits by a jury, rather than upon formal motions, a trial court after denying a motion for an instructed verdict for defendant, at the close of plaintiff's evidence and again at the close of all the evidence, should not render nugatory the verdict of a jury returned on disputed questions of fact, by rendering a judgment *non obstante veredicto* in favor of such defendant; but if the court is dissatisfied with the verdict under the evidence, he should grant a new trial instead.''

The trial court upon considering what was said and after submitting the cause to the jury upon the question involved, was of the opinion it would not be justified in disturbing the verdict of the jury, for the court denied defendants' motion that the court enter a judgment for the defendants notwithstanding the verdict. The rule is well established that in passing upon a motion of this character the court is limited to the facts appearing in evidence, and must consider the evidence

in the light most favorable to the plaintiff. As will be observed, the court is not in a position to weigh the evidence, but only to determine whether there is evidence tending to sustain the pleadings. This court is without jurisdiction upon a motion of the defendants to determine from all the evidence in the case whether the verdict of the jury is against the manifest weight of the evidence. Taking into consideration plaintiff's evidence, we believe it is sufficient to sustain the pleadings filed by her.

In the case of *McCarthy v. Rorrison,* 283 Ill. App. 129, a personal injury action in which the defendant made a motion to return a verdict in favor of the defendant notwithstanding the verdict, the court stated:

"Defendant concedes that in passing upon his motion the trial court had no right to pass upon the credibility of the witnesses or the weight of the testimony, and that his ruling can only be justified upon the theory that the evidence most favorable to plaintiff, with all its reasonable inferences, fails to make out a *prima facie* case upon a necessary element of her case. . . ." The court stated further:

"In passing upon defendant's motion the trial court was governed by the established rule that the evidence most favorable to plaintiff, with all its reasonable inferences, must be taken as true."

As already indicated, we are of the opinion that plaintiff's evidence makes out a prima facie case and that the court in denying the motion of the defendants for a judgment notwithstanding the verdict of the jury acted properly.

There being no error such as would justify a reversal, the judgment is affirmed.

*Judgment affirmed.*

DENIS E. SULLIVAN and HALL, JJ., concur.