Harold Larimore, Appellee, v. Nellie Larimore, Appellant.

Opinion filed March 13, 1939.

MATHENY & WELKER, of Vandalia, for appellant.

J. G. BURNSIDE, of Vandalia, and PARKER, BAUER & PARKER, of Effingham, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

In November, 1935, plaintiff and defendant were married and took up their residence on a farm owned by plaintiff, his mother living with them as a member of the family. Defendant and her mother-in-law did not get along pleasantly and in May, 1936, after a disagreement, the former left the house and did not return. Plaintiff filed suit for divorce, alleging desertion. Defendant in her answer denied the charge and filed a countercomplaint asking for separate maintenance, also a decretal order that plaintiff refund to her certain moneys she claimed to have loaned him. Issues being joined, the cause was heard before a jury who found for defendant upon the questions of fact. Plaintiff filed a motion for judgment notwithstanding the verdict, which the court sustained and entered a decree granting plaintiff a divorce upon the ground of desertion, from which defendant has appealed.

Defendant insists that there is evidence in the record tending to support her defense against the charge of desertion, and that such being the case the trial court was without authority to do more than award a new trial if he was of the opinion that the verdict was contrary to the weight of the evidence.

A motion for judgment notwithstanding the verdict is, in effect, the same as one to direct a verdict (*Synwolt v. Klank*, 296 Ill. App. 79), and as such is tested by the same rule, which is that the motion raises a question of law and all the trial court is empowered to do is determine whether there is, or is not, evidence which construed in its light most favorable to the party against whom the motion is directed, reasonably tends

to prove the contention of such party. If there be such proof the court is bound to overrule the motion, even though of the opinion that the greater weight of the evidence may appear to be on the other side; *Mirich v. Forschner Contracting Co.*, 312 Ill. 343; *Capelle v. Chicago & N. W. Ry. Co.*, 280 Ill. App. 471.

Plaintiff, to establish the charge of desertion, was required to prove that defendant had absented herself and remained away from him without any reasonable cause and against his will; *Garvy v. Garvy*, 282 Ill. App. 485. It is also the law that if married parties separate by mutual consent, and so remain apart, there is no such legal desertion on the part of either as constitutes ground for divorce; *Lyons v. Lyons*, 231 Ill. App. 568.

Where the complainant in a divorce proceeding has, either expressly or impliedly, consented to the original separation or its continuance, and has not revoked such consent, he is not entitled to a divorce for desertion; 19 Corpus Juris, p. 64, sec. 120; and if such appears in defense, it is a bar to the action.

Defendant testified that the night before she left she informed plaintiff that she could no longer stand living in the same home with his mother; that he told her to stay with her parents; that he would provide a new home for his mother; and that when she had gone he would come and get defendant. That pursuant to such advice she left, went to the home of her parents, and for several days thereafter visited her husband each day at the place where he was working in the field, and that on each occasion he stated that his mother was about to leave, or arranging to do so, and that as soon as she left he would come and take her back to his home, and that she told him she was willing to go. The father of defendant stated that shortly thereafter plaintiff came to his home and informed him that he had come to the place where he must choose between his wife and his mother and had chosen his mother;

that he said he would bring his wife's clothes over, which he did 2 days later, and that he (the father) communicated this information to the defendant. Defendant further testified that her husband never thereafter asked her to return or live with him.

A. E. Kretzger, a bank cashier, testified that plaintiff, in conversation with him, said they had him in a spot; "I had to make a choice and I chose my mother, and I am not sorry for it." S. S. Miller deposed that he went with defendant's father to get her belongings; that her father asked plaintiff to state why he and defendant were not living together, and that plaintiff replied that Nell was a nice girl but that he had to choose between her and his mother. Finnis Payne, present at the same conversation, testified that plaintiff said he couldn't give up his mother for Nell, and that if he had to make a choice he would give up Nell. Lawrence Ohlinger stated that he heard plaintiff say he had to choose one or the other and that he chose his mother.

Plaintiff, interrogated as to such conversations, did not in terms deny them but said he did not recall having made such admissions, and further stated: "I don't know what I said to them." Defendant's mother also testified that she heard him say he had to give Nell up for his mother and that he did not want her any more. Plaintiff did not contradict this. Plaintiff denied that he and his wife separated by agreement or that he told her to stay at her parents' home until he could make a new home for his mother.

It is thus apparent there was ample testimony which warranted the jury in believing that the separation was with the consent, if not by the connivance, of plaintiff, and that after he sent word to her that he had chosen his mother in preference to her, and had told same promiscuously to others, she was justified in the belief that he did not desire her return. If such be true, it

cannot be said that she "wilfully deserted" her husband, or that she absented herself from him "without any reasonable cause."

We think the jury were warranted in finding the issues for defendant and that the court erred in sustaining plaintiff's motion for judgment *non obstante veredicto*.

Plaintiff asserts no error at the trial which would have entitled him to a new trial had his motion for judgment notwithstanding the verdict been overruled, hence under clause (c), paragraph 3, of section 68, of the Civil Practice Act [ch. 110, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 104.068], it is incumbent upon us to order the trial court to enter its decree in accord with the jury's finding.

Reversed and remanded with directions to enter a decree in conformity with the verdict.

*Reversed and remanded.*