(No. 26327.—

Mary Ellen Van Dolman, Appellant, *vs.* Alvin T. Van Dolman *et al.* Appellees.

*Opinion filed November 18, 1941.*

GARIEPY & GARIEPY, (FRED A. GARIEPY, OWEN RALL, and JOHN SPALDING, of counsel,) for appellant.

CASTLE, WILLIAMS & McCARTHY, (EMMETT J. Mc-CARTHY, and JOHN D. CLANCY, JR., of counsel,) for appellee Alvin T. Van Dolman.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellant, Mary Ellen Van Dolman, filed her complaint in the circuit court of Cook county January 27, 1940,

praying for a divorce on the ground of desertion, from appellee, Alvin T. Van Dolman. The complaint also prayed for a partition of certain real estate owned by the parties in joint tenancy. The defendant answered denying that he had deserted the plaintiff, but was living separate and apart from her pursuant to a decree of separate maintenance obtained by appellant. After a hearing, the court entered a decree finding that it did not have jurisdiction of the subject matter; that defendant had not wilfully deserted appellant for more than one year prior to the time the complaint was filed, and dismissed the complaint for want of equity. Since a freehold is involved where the right to partition is denied (*Albers* v. *Central Republic Bank and Trust Co.* 372 Ill. 27) we have jurisdiction of the appeal.

The complaint charged the desertion of defendant existed since December 18, 1938, but it appears there had been a former suit between the parties since that date and the institution of the present case, to which reference is made in the complaint and made a part thereof, but no copy of the decree or pleadings in such former proceeding is attached to the complaint, nor was it offered in evidence. However, during the trial, counsel for the respective parties agreed that a suit for divorce was commenced by appellant December 20, 1938, charging appellee with cruelty, and that a decree was entered in that case May 1, 1939, awarding appellant separate maintenance after the complaint had been amended. The answer admits such a decree was entered but denies appellee was guilty of wilful desertion for one year.

Appellant contends the decree in the former case finds she was living apart from her husband without fault because appellee had deserted her, and claims this is conclusive that desertion constituting a ground for divorce commenced at the time set out in the decree, viz., December 18, 1938. On the other hand, defendant claims the time

consumed in litigating the first case cannot be counted in computing the duration of the desertion set out as a ground for divorce, and urges, further, that since a decree of separate maintenance provides for the parties living separate and apart there can be no desertion upon his part because the wilful element is absent. With the record incomplete by a failure to incorporate the decree and pleadings in the former proceedings, several essential facts necessary to a decision of all of the points raised by counsel are absent.

However, the following facts are established: The parties separated December 18, 1938; a suit for divorce was filed December 20, 1938; a decree for separate maintenance of appellant was entered May 1, 1939; the present divorce suit was filed January 27, 1940, and a hearing had and decree entered January 10, 1941. It is also agreed that the parties owned the property described in the complaint as joint tenants, and the evidence shows that the parties have not lived together since the separation. The facts not established are: The actual findings in the decree of separate maintenance; the time the amendment to such complaint was made, or the ground set out in the amended complaint upon which relief was granted.

Appellant claims the court erred in denying her a decree for partition of the jointly owned premises, and this point is well taken, as partition is a remedy that may be demanded as a matter of right (*Yedor* v. *Chicago City Bank and Trust Co.* 376 Ill. 121; *Murphy* v. *Murphy,* 343 id. 234;) and is available when property is jointly owned by husband and wife. *Hitchcock* v. *Hitchcock,* 373 Ill. 352.

The contention made by appellant that the decree of separate maintenance, assuming it was allowed because the husband left her, is conclusive that desertion as a ground for divorce existed at that time, is not an adjudication of that question, because the issue decided in the separate maintenance case is whether the appellant was living apart from her husband. *without fault* upon her part, and this

issue may be decided for or against either party without adjudicating that a ground for divorce did or did not exist. (*Hoffman* v. *Hoffman,* 330 Ill. 413; *Umlauf* v. *Umlauf,* 117 id. 580; *Wahle* v. *Wahle,* 71 id. 510.) The object of a separate maintenance statute is to enable the wife, when living apart from her husband without fault, to sue in equity for her support. (*Johnson* v. *Johnson,* 125 Ill. 510.) She could not do this at common law as it was only those who furnished necessities to a wife, who was compelled to leave the home of her husband, who could maintain an action against the husband. (*Evans* v. *Fisher,* 5 Gilm. 569; *Johnson* v. *Johnson, supra.*) In *Umlauf* v. *Umlauf, supra,* this court held that a suit authorizing separate maintenance was for the exclusive use of those whose conduct had not materially contributed to a disruption of the marital relation. Such a decree, however, does establish that the plaintiff is living apart from the spouse without fault (*Johnson* v. *Johnson, supra; Harding* v. *Harding,* 198 U. S. 317, 49 L. ed. 1066;) and may, if persisted in after the decree is entered, establish the commencement of desertion upon the losing party. (*Johnson* v. *Johnson, supra.*) However, the mere institution of such a suit for separate maintenance, upon whatever ground it may be sought, does not establish that the plaintiff is entitled to relief. The husband has a proper right, in good faith, to defend the charge, and the period of time spent in such litigation cannot enter into the computation if desertion is set up in a later proceeding as the ground for divorce. (*Floberg* v. *Floberg,* 358 Ill. 626.) The rule announced in that case would prevent the court from awarding appellant a divorce on the ground of desertion, as the maintenance suit was not ended until May 1, 1939, and the present suit started January 27, 1940, which would leave a period of only nine months in which desertion could exist.

The decree entered by the trial court, however, dismissed the complaint for want of equity, and in view of

that part of the answer in which defendant says he was living apart from his wife pursuant to the decree in the former case, it might forever conclude appellant from charging desertion as a ground for divorce, even though it existed for the statutory period. The statute does not contemplate that separate maintenance once awarded shall forever bar the wife from obtaining a divorce on the ground of desertion, if the husband shall wilfully refrain from living with her for a period of more than one year after a decree is entered, and she is without fault in the separation. The defendant to such a separation proceeding may resist the charge by showing the plaintiff is at fault, or that the separation is by consent, or that he, in good faith, offered to resume marital relations, but when the decree is entered the one at fault is determined, and absence, if wilfully continued thereafter, may be sufficient to commence desertion as a ground of divorce under the statute. *Johnson* v. *Johnson, supra.*

Cases are called to our attention from other jurisdictions which on casual examination would seem to support the contention of appellee that the rule is otherwise, but close inspection discloses practically all of the States from which such decisions are cited authorize limited divorces *a mensa et thoro.* While it was said in *Floberg* v. *Floberg, supra,* that an action for separate maintenance corresponds to an ecclesiastical divorce from bed and board (*a mensa et thoro*) it should be understood that this similarity extended only to the fact that the husband and wife are living apart, and not to the results flowing from the decree entered in the several proceedings. At common law a divorce from bed and board could only be decreed upon the grounds of cruelty and adultery. (1 Blackstone's Com. 440; *Hamaker* v. *Hamaker,* 18 Ill. 137.) Both of these are grounds for divorce under our statute. In States where the two grounds of divorce are recognized, the selection of one constitutes an election. (*Kyle* v. *Kyle,* 52 N. J. Eq. 710,

29 Atl. 316.) In other words, a proper ground for divorce was used to obtain a limited divorce instead of an unconditional divorce. A limited divorce is not annulled by reconciliation. (*Jones* v. *Jones,* 29 Atl. (N. J.) 502.) A reconciliation and resumption of marriage relations after a decree in separate maintenance, abrogates the decree (*Newman* v. *Newman,* 240 Ill. App. 193) and in some States, where limited divorces are authorized, continued desertion may result in absolute divorce. (*Kunze* v. *Kunze,* 189 N. W. (Minn.) 447.) It follows that a decree for separate maintenance, whether for desertion or other cause, if found to justify the wife in living apart from her husband, is not an absolute bar to divorce on the ground of desertion occurring subsequent to the decree. The plaintiff's complaint as to the divorce issue should have been dismissed without prejudice instead of for want of equity.

For the foregoing errors the decree of the circuit court of Cook county is reversed and the cause is remanded for proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*