Susan S. McCartney, Plaintiff-Appellant, v. William S. McCartney, Defendant-Appellee.

Gen. No. 10,462.

Opinion filed May 24, 1951.
Rehearing denied July 17, 1951. Released for publication July 17, 1951.

ANDREWS, ESSINGTON & BARRICK, of Rockford, for appellant; WILLIAM H. BARRICK, of Rockford, of counsel.

BERRY & SIMMONS, of Rockford, for appellee; JAMES BERRY, of Rockford, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Susan S. McCartney filed a suit in the circuit court of Winnebago county, seeking a divorce from her husband, William S. McCartney. She filed her complaint on August 24, 1949. The complaint is in the usual form and no question is raised about the pleadings. She charged that her husband without any just cause on June 15, 1946, deserted her and has continued to live separate and apart from her since that date, and that he has failed to provide for her support and maintenance. She prayed that the marriage be dissolved, and that the defendant ordered to pay attorney fees and costs of the proceeding, and such other relief as might be proper.

The defendant was served with summons and filed his answer. He admitted all formal parts of the complaint, and that the plaintiff had conducted herself as a true and chaste wife. He denied that she had been a dutiful and affectionate wife. He alleged that she had refused to reside with him on numerous occasions and still persists in her refusal through no fault of his. He also denied that he deserted her on June 15, 1946, or that he failed to provide for her support. He alleged that on June 15, 1946, he was asked by his wife to make a home for their son who was attending the University of Wisconsin, and that he did make a home for the son

534

in Edgerton, Wisconsin, and that he continued to reside there for some time; that he asked the plaintiff to join him there at that home, and she refused; that he asked to return to live with the plaintiff, but she refused to allow him to return. He also alleged that he had been ready, willing and able to provide for the plaintiff and that he was an able-bodied man, able to provide for her and himself. He asked that the complaint be dismissed for want of equity.

The plaintiff put in her proof to sustain her contention that her husband had left her on June 15, 1946, and that he had lived in a cabin at Edgerton, Wisconsin, since that time. She had some relatives testify in her behalf, but their testimony had very little bearing as to who was the cause of the separation.

James McCartney, a son of the parties was called as a witness on behalf of the defendant and testified that he had made arrangement to attend the University of Wisconsin at Madison, and that it was agreed between the father and mother that he and his father would go to a cabin that was owned by the defendant, a short distance from Madison; that the father would make a home for them while he was attending the university; that after they arrived at Edgerton his father got a job with the Edgerton Trailer Company; that owing to the crowded condition of the university, he attended school only a short time, but the father continued to live in the cottage at Edgerton.

William S. McCartney testified on his own behalf and denied that he had ever cursed his wife and told her "I will take you home and then I will be through with you." He testified that he was ready, able and willing to prepare a home for his wife in Edgerton. The question was asked him "whether or not you were ready, able and willing to prepare a home for your wife in Edgerton if the cottage was not satisfactory, after the summer of 1946." To which he answered "he

535

was.'' The wife made some objection about the cottage not being fit to live in in the wintertime, but the son in answer to a question whether the house was fit to live in in the winter answered ''I would say forty per cent of our population lives in worse homes.''

The trial court denied the plaintiff's application for divorce and dismissed her complaint for want of equity. The plaintiff filed a motion for a rehearing, which was denied by the court, and the decree was signed dismissing the complaint for want of equity. It is from this decree that the appeal has been perfected to this court.

 It is insisted that the court erred in not granting a divorce, as the plaintiff had proven her case by a preponderance of the evidence. Where it is contended that a decree is against the manifest weight of the evidence, the reviewing court will not be justified in disturbing the decree, unless satisfied from a review of the same that it is manifestly against the weight of the evidence. *Rafferty v. Rafferty*, 337 Ill. App. 277.

It is insisted by the appellant that she did not receive a fair and impartial trial on account of the prejudice of the trial court. Just prior to the hearing of the evidence, the court inquired what the nature of the case was, and the plaintiff's attorney told him that it was a divorce case, and the parties had been married approximately forty years, and thereupon the court stated: ''It seems to me that if she had been able to put up with the situation for that long, she ought to be able to stand it for a few years more,'' and directed counsel for plaintiff to proceed as rapidly as possible. On the hearing for a motion for a new trial the court asked the attorney what the facts were in the case, as he did not just remember this particular case. Mr. Barrick, one of the attorneys informed the court of the circumstances and that the parties had been married about forty years. Then the court, without any further

536

hearing on the motion, said "I remember the case," "I don't want to change my mind," then the attorney started, "I have some law—," court: "Never mind that, the boys upstairs can change my mind—parties married forty years, they have got to come in with a pretty strong case on the grounds of desertion. I don't believe that condition existed." The plaintiff was not permitted to present any law, or any argument to the case in presenting her motion, and the court announced: "Motion for rehearing heard and motion denied." The appellant insists that the remarks of the court showed that he was prejudiced against her and should not have proceeded to try the case, and for authority for her position she cites the case of *Holmstedt v. Holmstedt*, 383 Ill. 290. In that case the court, in passing upon the merits, uses this language: "Counsel for appellant argues that the court's apparent bias affected unfavorably his consideration of the evidence offered in support of appellant's claim for separate maintenance. By the enactment of the Married Women's Act of 1867, the legislature conferred upon courts of equity jurisdiction to enforce the common-law duty of the husband to furnish support and maintenance for his wife, upon her application, where she is living separate and apart from him without her fault. . . . The act creating this equitable remedy has been held valid by this court. . . . By the present statute, . . . the remedy exists in favor of either the wife or husband. The public policy as expressed by legislative acts is not a matter for the courts. Their duty is to apply the law as they find it. Appellant had the right to select her remedy and to have her case heard by an impartial judge. It was the duty of the court as soon as he discerned within his own mind any feeling of opposition to a pronounced public policy of the State such as might prejudice him for or against either party

537

to the litigation, promptly and of his own motion, to disqualify himself and have the case reassigned.

"This court has said that the spirit of our laws demands that every case shall be fairly and impartially tried, and no judge should think of presiding in a case in which his good faith in so doing is open to such serious question as that presented by this record. . . . No petition for a change of venue was filed and this error of the court in proceeding with the hearing, after expressing his bias against an existing law, did not afford an absolute right in appellant to have a change of venue; nevertheless, this must be considered in connection with a review of the entire record."

■■ It is also insisted by the appellant that the remarks of the trial court at the time of the hearing on her motion for a new trial "Never mind that, the boys upstairs can change my mind" had reference to this court and shows disrespect for us. Whether it does, or does not refer to this court, we do not care as it has no effect on us in regard to the case. We think that the evidence in this case shows that the separation of the parties to this suit was by mutual agreement, and where the plaintiff in a divorce proceeding has either expressly or impliedly consented to the original separation and its continuance, and has not revoked such consent, she is not entitled to a divorce for desertion, and if such appears in defense, it is a bar to the action. *Larimore v. Larimore*, 299 Ill. App. 547.

■ It is our conclusion regardless of whether the trial court was prejudiced against the plaintiff, under the facts and circumstances as developed by the record in this case, he decided the case correctly, and the judgment of the trial court should be and is hereby affirmed.

*Affirmed.*