Helen Gibson Moyer, Plaintiff-Appellee, v. John William Moyer, Defendant-Appellant.

## Gen. No. 47,246.

First District, Second Division.
May 13, 1958.
Rehearing denied June 3, 1958.
Released for publication June 4, 1958.

John A. Brown, of Chicago, for defendant-appellant.

No brief filed for appellee.

PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a divorce action with decree for plaintiff on the ground of desertion. Defendant, the husband, has appealed.

The parties were married June 26, 1946, in Chicago, Illinois, and have one child eight years of age. In April of 1951 plaintiff obtained a divorce from defendant in Florida. On July 27, 1951, the parties were remarried and lived together until November 30, 1954, on which date plaintiff left defendant, took the child and moved into another apartment. She did this without the consent of, or notice to, defendant.

On January 3, 1956, plaintiff was awarded a decree for separate maintenance under which she was given the custody of the child and was awarded child support. The decree found that plaintiff was living separate and apart from defendant "without any fault on her part." Thereafter, on April 26, 1957, plaintiff filed this suit alleging that defendant on November 30, 1954, "wilfully deserted and absented himself from plaintiff, without any reasonable cause, for the space of one year and upward."

The question is whether plaintiff is entitled to a divorce on the grounds of desertion.

■ In Van Dolman v. Van Dolman, 378 Ill. 98, 101–02, the Supreme Court stated that a finding in a decree for separate maintenance that plaintiff was living separate and apart from defendant without any fault on her part is not conclusive in itself since "this issue may be decided for or against either party without adjudication that a ground for divorce did or did not exist." However, that court went on to state that "when the decree is entered the one at fault is determined, and absence, if wilfully continued thereafter, may be sufficient to commence desertion as a ground of divorce under the statute." Though the Van Dolman case was not decided on this ground and though we have found

405

no other Illinois case deciding the particular issue before us, we think that if a wilfullness is shown on the part of the defendant-at-fault to continue his refusal to resume normal cohabitation with his spouse, the spouse will thereafter, upon the expiration of the statutory period, have sufficient grounds for divorce for desertion.

██ Plaintiff testified that the reason she left defendant was because of his refusal to have sexual relations with her and that this was because of his expressed desire to have plaintiff be not a wife, but only a mother to their child. This was a refusal to carry on normal cohabitation. Such conduct on the part of defendant would not entitle plaintiff to a divorce under the theory of constructive desertion since refusal of sexual intercourse is not in itself desertion. (Fritz v. Fritz, 138 Ill. 436.) However, such conduct would, after a judicial determination that plaintiff is living separate and apart from defendant without fault on her part, give rise to grounds for desertion if defendant wilfully persists in it. (Van Dolman v. Van Dolman, 378 Ill. 98, 103.)

██ We think the testimony in this case shows that defendant wilfully continued, and still continues, to refuse normal cohabitation. He admits that sexual intercourse ceased "from at least August of 1953." His testimony shows that his requests for plaintiff's return, assuming he made them as he contends, were, and are still, dependent upon plaintiff only being a mother to their child. This amounts to an offer of cohabitation devoid of the normal relationship found between husband and wife.

Defendant testified that there was only one thing that mattered in this case and that was "the custody and well-being of our son"; that "the only person in this case that can be considered is the welfare of our son"; that his offer of a summer cottage for his wife and child's benefit in 1955 was not intended by him to

be an offer for the resumption of marital relations; that, in fact, he has never offered to resume marital relations with his wife; that in answer to a question as to whether he loved his wife he stated, "I respect my wife. She is the mother of my son"; and that in answer to a question as to whether he loved his wife "as if you were living together as husband and wife" he stated, "I love my wife today as much as I ever loved my wife." A reasonable inference can be drawn from this testimony that defendant openly desired and required that the marriage relationship, if it were resumed be continued under the same conditions which compelled plaintiff to leave him in 1954. It shows a wilfullness on his part not to resume normal cohabitation and justified the chancellor measuring the period of desertion from the date of separation in November, 1954.

We conclude that plaintiff was properly granted a divorce on the ground of desertion.

We need consider no other points raised. The decree of divorce is affirmed.

Affirmed.

LEWE and MURPHY, JJ., concur.