Mary Smith Karman, Plaintiff and Counter-Defendant, Appellee, v. August Karman, Defendant and Counter-Plaintiff, Appellant.

Gen. No. 47,766.

First District, Third Division.

January 29, 1960.

Released for publication March 4, 1960.

 

Frederick J. Bertram, of Chicago, for appellant.

Dominic H. Valens, of Chicago, for appellee.

PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This is an appeal by August Karman from a decree of divorce in favor of Mary Smith Karman, granting her alimony and attorney's fees, and dismissing his counterclaim for divorce. Each of the parties prays for a divorce on the grounds of desertion without reasonable cause for more than one year. (Ill. Rev. Stat. 1959, Chap. 40, sec. 1.) The complaint was filed on September 26, 1957, and alleges that appellant had promised to convey to appellee a one-half interest in his property and that after the marriage was consummated, he wilfully deserted her. Divorce, alimony and an adjudication of appellee's rights in appellant's property are prayed for. Appellant's answer denies

any act of desertion on his part and prays for a dismissal of the action for want of equity on the ground that appellee has wrongfully refused to cohabit with him. A counterclaim was then filed by appellant based on an alleged desertion on the part of appellee in absenting herself from him by ejecting him from the marital home. No answer was filed to this counterclaim. The court granted a divorce to the plaintiff, Mrs. Karman, with alimony and attorney's fees, and the defendant makes this appeal.

At the time of the marriage, appellant was 77 years of age and appellee was 62. They lived across the street from one another prior to the marriage, each in his own home, and after the marriage they resided in appellee's home. They lived together only 28 days, after which appellant returned to his home across the street.

The crucial question for decision is which of the parties was the deserter and which the deserted. The chancellor held that Mr. Karman was the deserter and that he had no reasonable cause to absent himself from the marital home. This finding may only be attacked by a holding in this court that the facts require a different conclusion. An interpretation of the activities and statements of the parties, and more particularly those which occurred on the date of separation, is essential to a proper determination of which of the parties was actually the deserter.

The facts are in conflict, for appellee testified that she did not demand that appellant leave and appellant testified that he was told, "I called my lawyer today, my lawyer say you can't be here any more and not sleep. I am not going to do any more work for you," and that he could not get anything to eat. Appellant's account of the split between the parties is borne out by corroboration from appellee's own testimony. She testified that there had been no sexual relations after

125

the first thirteen days of the marriage because she told him that it was "too much" for her; that she made no preparations for his lunch on the day of the separation; that she did not open her locked door to him until she finished a conversation with her attorney on the telephone, although she later repudiated this by saying she opened the door and then finished the conversation; that she insisted defendant take with him certain items he had forgotten in his preparations for departure; that she spoke with her attorney both before and a day or so after the separation, with the latter instance having relation to a "60 day cooling off period" in connection with a divorce; and that she made no effort to reconcile the problems existing between the parties or to resume cohabitation, but in fact repulsed defendant's offer to help her shovel snow after the first heavy snowfall of that year. These facets of her conduct to which she testified corroborate appellant's testimony that she in fact caused him to leave by refusing to live with him as his wife after the twenty-eighth day of their marriage. No comparable corroboration exists for her testimony that he left on his own initiative and without reasonable cause. After a thorough search of the record and having given, as we must, all proper weight to the chancellor's reception of the testimony, observance of the witnesses and other advantages flowing from his superintendence of the trial, we find that the manifest weight of the evidence does not support the finding that defendant wilfully deserted plaintiff.

■ ■ When considered along with the corroborative testimony of appellee, appellant's testimony clearly indicates that appellee has by her conduct consented to defendant's removal and his continued absence and that his absence was procured by appellee when she ordered him from her house in the midst of activities indicating a firm resolve not to live with him

as a dutiful wife and companion. Before an absence may be made the basis for a divorce action it must be clear that it is against the will of the plaintiff. Floberg v. Floberg, 358 Ill. 626; Lutticke v. Lutticke, 406 Ill. 181. In McCartney v. McCartney, 343 Ill. App. 533, at page 538, the court said:

". . . where the plaintiff in a divorce proceeding has either expressly or impliedly consented to the original separation and its continuance, and has not revoked such consent, she is not entitled to a divorce for desertion, and if such appears in defense, it is a bar to the action. Larimore v. Larimore, 299 Ill. App. 547."

From the view we take of appellee's conduct, it is clear that she is not entitled to a divorce, but the question remains whether by her conduct she became a deserter, entitling appellant to a divorce on his counterclaim.

▇▇▇▇ The domicile of the husband is that of the wife, and her refusal, without justification, to accompany him to a new domicile constitutes desertion on her part, Kennedy v. Kennedy, 87 Ill. 250. As the court said in Babbitt v. Babbitt, 69 Ill. 277, at page 279;

"We understand the domicil of the husband is the domicil of the wife, and it is there she can claim and receive the protection and maintenance of her husband. He was not required to ask her consent to remove to Michigan. In this respect he was the master of his own actions, and it was her duty as a faithful and obedient wife to accompany him there. It is her fault she is not with him to be maintained by him, to aid him in his decrepitude, relieve his sorrows and minister to his afflictions. It may emphatically be said of her, she is living separate and apart from her husband by her own fault, and in total disregard of that vow she made when wedded. She has no claim to the equitable interference of the court."

Desertion must be wilful and without any reasonable cause. Floberg v. Floberg, supra. The state of mind of the person absenting himself has a large, if not controlling influence. Absence from the domicile with the intention to return is not desertion. Kennedy v. Kennedy, supra. The determination of intention must be based upon the facts of each individual case and may be inferred from the conduct of the parties themselves. Lemon v. Lemon, 14 Ill.2d 15. In Mathews v. Mathews, 227 Ill. App. 465, at page 468, when considering, under the former statute requiring two years absence, a fact situation similar to the instant case, the court said:

"In such a case it is immaterial which of the parties leave the marital home; the one who intends bringing the cohabitation to an end commits the desertion. The one who drives the other away is the 'deserter' and a wife may drive her husband away. [citing cases]."

And on page 469 it is said:

"If appellee left the home without any refusal on the part of his wife to live with him and without orders from her that he should go, he could only justify his going by showing such conduct on her part as entitled him to a divorce. Fritz v. Fritz, 138 Ill. 436. On the other hand, if he left because of her refusal to live with him and orders from her that he should go, then upon proof of such refusal and orders he would make out a case of desertion without regard to her conduct in other matters and after two years would be entitled to a divorce in the absence of proof that within the two years she relented and offered to take him back."

When the intention to live apart is fixed and the other spouse is advised of the fact, the futile act of establishing a home or making a request that they move together to the new home will not be required by the law. Bateman v. Bateman, 337 Ill. App. 7.

128

■ ■ When she refused to cohabit with her husband in a reasonable manner and ordered him to leave, appellee became the deserter, and in order to correct this desertion it became incumbent upon her to make efforts to resume the marital relationship. She made no attempt to do so. Appellant did not consent to the separation and may not be prevented from prosecuting this action on that basis. The fixed intention of appellee to live apart negates her husband's obligation to establish a new home as the marital domicile. His failure to do so may not be interpreted as such consent to the continuance of the separation as would bar his right of action. There is no inconsistency between the finding in the first portion of this opinion that appellee had consented to the separation and this finding that appellant had not so consented. Having found that the corroborative elements which are present substantiate appellant's testimony, it is harmonious to hold that appellee had a fixed intent to extinguish her marriage by forcing him to live apart from her.

For the reasons indicated, the decree is reversed and the cause remanded with directions to enter a decree dismissing the complaint for want of equity, granting a divorce to August Karman on his counterclaim and awarding plaintiff Mary Smith Karman attorney's fees in the amount of $400.

Reversed and remanded with directions.

BURKE and FRIEND, JJ., concur.