Edwin Motykowski, Plaintiff and Counter-Defendant, Appellee, *v.* Stephanie Motykowski, Defendant and Counter-Plaintiff, Appellant.

(No. 55477;

First District—February 17, 1972.

*Rehearing denied April 24, 1972.*

Sherwin & Sherwin, of Chicago, (Theodore R. Sherwin, of counsel,) for appellant.

Mullin & Devine, of Chicago, (Forrest S. Bayard and Gerald B. Mullin, of counsel,) for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The defendant, Stephanie Motykowski, appeals from a divorce decree obtained by her husband, Edwin Motykowski. Her principal contention is that the decree, which was based on desertion, was against the manifest weight of the evidence.

The Motykowskis were married in October 1951. After living together for nearly five years the plaintiff sued for divorce and the defendant

counter-claimed for separate maintenance. She was granted separate maintenance on the ground of physical cruelty. In September 1958 or later, the precise date being disputed, they resumed living together. The resumption of their marital status terminated the separate maintenance decree. *Van Dolman v. Van Dolman* (1941), 378 Ill. 98, 37 N.E.2d 850; *Petta v. Petta* (1944), 321 Ill.App. 512, 53 N.E.2d 324.

The reconciliation was not completely harmonious. The parties resided on the second floor of a building located on West Huron Street, Chicago, and the defendant's parents, sister and brother occupied the first floor. The plaintiff testified that the defendant had agreed to move from the Huron Street residence within ninety days from the date they resumed their married life. He objected to living so closely to his wife's family and desired to move to a nicer apartment in a better neighborhood. He said they did not move because his wife adamantly refused to do so. After many arguments, he asked her once again, in March 1962, to move; she declined and told him he could leave if he didn't like it. He left the apartment and moved into a hotel. He communicated with her by telephone; sometimes she hung up on him and at other times she unqualifiedly refused to move to a new residence.

About a year later the plaintiff moved in with his parents. Nevertheless, according to him, he still desired to resume living with the defendant away from either his or her parents. He subsequently rented an apartment on Long Avenue, Chicago. She visited the apartment but still refused to move from the Huron Street address.

The defendant testified that following their reconciliation there were times when the plaintiff abused her and there were times when he treated her well. At first he turned his entire paycheck over to her, then half of it and he paid the household bills; later he took the larger share. He suggested moving to another residence but this was when he was drunk. After their 1962 separation they saw each other once in a while and occasionally talked on the phone. He never said he wanted to come back; he asked her to come and live with him but this always happened after he had had a few drinks. From 1964 to the time of the trial he discussed her coming to live with him only two or three times.

■■ The defendant contends that the plaintiff reconciled not in good faith but only to terminate the prior decree of separate maintenance so that he might subsequently file the present action. Such contention is entirely without support in the record. Their reconciliation lasted nearly four years. The plaintiff did not begin the divorce action until 1969, after he and the defendant had been living apart for almost seven years. She admitted both at her deposition and at the trial that during this span of

time he had suggested that they resume living together. However, she modified this by saying there were only a few such suggestions and these came after he had been drinking.

■■ The defendant next asserts that her desertion was not established since the plaintiff moved to a hotel when he left the Huron Street apartment, and he did not provide a suitable marital abode for her within one year, the period required to constitute desertion. (Ill. Rev. Stat. 1969, ch. 40, par. 1.) The plaintiff admitted that the hotel would not have been a suitable home but he stated that he was merely residing there until the defendant agreed to live with him in a new home. The domicile of the husband is that of the wife, and her refusal without justification to accompany him to a new domicile constitutes desertion on her part. (*Babbitt v. Babbitt* (1873), 69 Ill. 277; *Foster v. Foster* (1969), 110 Ill.App.2d 128, 249 N.E.2d 114.) The law does not require a husband to establish a new home for his wife when she indicates that she will refuse to move to the new residence. (*Karman v. Karman* (1960), 24 Ill.App.2d 123, 164 N.E.2d 521; *Bateman v. Bateman* (1949), 337 Ill.App. 7, 85 N.E.2d 196.) The evidence showed that the defendant simply refused to leave the building in which her family resided. Nevertheless, the plaintiff still desired to establish a home for her even after they had been living apart for several years. Her refusal to move to the Long Avenue apartment demonstrated the futility of his efforts.

■■■ The defendant stresses the fact that at the trial the plaintiff testified that he did not wish to resume living with her and had not wanted to for two years prior to the trial; she argues that this points to the plaintiff himself as the wrongdoer. This court has stated that while a deserted spouse must allow the door to remain open for the possible return of a penitent deserter, it is not necessary that this be done forever. (*Hilliard v. Hilliard* (1960), 25 Ill.App.2d 468, 167 N.E.2d 451.) The parties ceased living together in March 1962 and the divorce was granted eight years later. The plaintiff cannot be blamed if his desire for rapprochement cooled toward the end of this long period of time.

The defendant's final assertion is that the trial judge committed prejudicial error in admitting testimony over objection and in considering this testimony in arriving at his judgment. The plaintiff's brother and a co-worker testified that the plaintiff was a good husband as far as they knew and that the defendant was mean to the plaintiff. After hearing the opinion testimony of the brother, the judge questioned him and found that his observations were based upon conduct prior to 1961; the brother's testimony, therefore, had little relevance to the present action. The fellow-employee revealed that his opinion was based on comments the plaintiff made while at work, that he had rarely seen the plaintiff and

defendant together since 1961, that he had heard no conversation between them, and that the defendant had made no statements to him of a personal nature. When he testified that the plaintiff told him the defendant did not want to leave her home, the trial judge remarked that hearsay testimony was not admissible.

■■ In a non-jury trial when evidence is offered and an objection has been made and overruled to its admission, it cannot be presumed that the evidence did not enter into the court's consideration. (*People v. Stewart* (1970), 130 Ill.App.2d 623, 264 N.E.2d 557; *People v. DeGroot* (1969), 108 Ill.App.2d 1, 247 N.E.2d 177.) Although the testimony of the co-worker should have been excluded, the court recognized it as inadmissible hearsay. The reception of this testimony did not seriously prejudice the defendant.

■■ The testimony of the parties was largely uncorroborated and was in substantial conflict. It was the responsibility of the judge to resolve the conflict. When, as here, a determination of the facts depends upon the weight and credibility to be given to the testimony of the witnesses, a court of review will not reverse the finding of the trial court unless that finding is manifestly against the weight of the evidence. (*Hoffmann v. Hoffmann* (1968), 40 Ill.2d 344, 239 N.E.2d 792; *Varap v. Varap* (1966), 76 Ill.App.2d 402, 222 N.E.2d 77.) The finding of desertion was not against the manifest weight of the evidence and the judgment will be sustained.

We have arrived at this conclusion without taking into consideration the defendant's answer to paragraph 11 of the plaintiff's complaint. The answer admits that the defendant, without cause or provocation, willfully and persistently deserted the plaintiff from March 1962 until the date the complaint was filed, January 1969.

The judgment is affirmed.

Judgment affirmed.

McGLOON, P. J., and McNAMARA, J., concur.